Cheryl A. THOMAS *v.* SERVICE FINANCE
CORPORATION

87-87                                                    736 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered September 21, 1987

*Josh E. McHughes*, for appellant.

*Julius C. Acchione*, for appellee.

ROBERT H. DUDLEY, Justice. The appellant, Cheryl A. Thomas, entered Memorial Hospital of North Little Rock on March 2, 1981. Upon entering she executed an agreement promising to pay all debts which would be incurred during her hospitalization. After incurring a debt of $1,128.80, she was released on March 7, 1981. She again entered Memorial Hospital on March 23, 1981, and again executed an agreement promising to pay all debts incurred during her stay. After incurring an additional debt of $3,263.20, she was released on March 31, 1981. The debt owing on the two accounts was assigned by the hospital to appellee, Service Finance Corporation. Appellant made a few small payments on the debt to appellee, the last being on December 4, 1981.

Act 638 of 1983, Ark. Stat. Ann. § 37-245(a) (Supp. 1985),

approved on March 22, 1983, became effective on July 4, 1983, and provides: "No action shall be brought to recover charges for medical services performed or provided prior to April 1, 1985, by a physician or other medical service provider after the expiration of a period of eighteen (18) months after the date such services were performed or provided."

On June 12, 1985, the appellee incurred an additional $103.00 debt and on July 28, 1985, another $43.94 debt. These debts were also assigned to appellee.

On March 27, 1986, the appellee filed suit against the appellant for the entire debt. The appellant pleaded the eighteen month statute of limitation. The trial court refused to apply the eighteen month statute and instead applied Ark. Stat. Ann. § 37-209 (Repl. 1962), the five year statute of limitation for promissory notes, and granted judgment for the entire debt.

In *Ballheimer* v. *Service Finance Corp.*, 292 Ark. 92, 728 S.W.2d 178 (1987), we held that the eighteen month limitation contained in Ark. Stat. Ann. § 37-245(a) (Supp. 1985) is applicable to a debt for hospital services and such a limitation does not constitute a denial of equal protection of law.

■ The appellee argues that the eighteen month limitation is unconstitutional because it retroactively took away a subsisting vested right and, therefore, is unreasonable. The argument is without merit. Here, the debt barred by limitation was incurred in March 1981. The new limitation act was approved on March 22, 1983, but did not become effective until July 4, 1983. Thus, the appellee's remedy was not retroactively cut off as appellee had a period of 104 days in which to file its action. In a very similar case, *Steele* v. *Gann*, 197 Ark. 480, 123 S.W.2d 520, 120 A.L.R. 754 (1939), we upheld a shortened statute of limitations and explained:

> Again, there is no emergency clause, and the legislature, in passing the act without such a clause, thereby gave all parties 90 days in which to bring suits where the cause of action accrued before the effective date of the act. The suit, of course, brought after the passage of the act and before it became effective, would be under the law that existed prior to the passage of the act.

In the instant case the appellant had 90 days after the passage of the act in which to bring her suit, and whether 90 days was a reasonable time, was a question for the legislature.

Accordingly, we reverse that part of the final order granting judgment for the debt incurred in March 1981, which was without the eighteen month statute of limitation, but affirm that part of the order giving judgment for the debt incurred in June and July 1985, which was within eighteen months of the filing of the suit. The parties have stipulated that the balance due on the 1985 debt is $137.94. The appellee is entitled to have a judgment for that amount plus interest. We therefore remand for entry of a judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

HICKMAN, J., dissents.