Francisca OFILI and Joseph Ofili *v.* OSCO DRUG, INC.

89-237                                    780 S.W.2d 11

Supreme Court of Arkansas
Opinion delivered November 20, 1989

432

*Lynn A. Davis*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JACK HOLT, JR., Chief Justice. The issue presented by this case is whether the notice of intent to sue on an action for medical injury (contained in Ark. Code Ann. § 16-114-204 (1987)) is required to be served by certified or registered mail pursuant to the statute. We hold that it is and affirm the trial court's dismissal of the cause of action with prejudice due to the lack of proper service.

On May 1, 1986, the appellant, Francisca Ofili, received a prescription for Indocin (for pain) from her doctor. Her husband, Joseph, took the prescription to appellee, Osco Drug, to be filled; the pharmacist, however, filled the prescription with Imodium (for diarrhea). Mrs. Ofili took the Imodium and suffered ill effects.

On May 6, 1986, she called her doctor to consult him about her medication and, at that time, learned of the error and discontinued taking the Imodium. As a result of the mistake in filling her prescription, Mrs. Ofili filed a lawsuit for medical injury in Pulaski County Circuit Court on January 15, 1988, from which she took a voluntary nonsuit on September 13, 1988. A new complaint was filed on August 30, 1988, which was subsequently dismissed by the trial court with prejudice because notice had not been mailed to Osco Drug, Inc., by either registered or certified mail.

From that decision, Mrs. Ofili appeals on two points of error: 1) that she may waive the service of notice of intent to sue by registered or certified mail, as required by Ark. Code Ann. § 16-114-204 (1987), as a result of affirmative actions by her agents and her attorney, and 2) that the trial court erred in granting Osco Drug's summary judgment as a result of her lack of literal compliance with the statute.

To begin with, § 16-114-204(a) provides in pertinent part that

> [n]o action for medical injury shall be commenced until at least sixty (60) days after service upon the person or persons alleged to be liable, by certified or registered mail to the last known address of the person or persons allegedly liable, of a written notice of the alleged injuries and the damages claimed.

The object of this legislative statute was to encourage the resolution of claims without judicial proceedings, thereby reducing the cost of resolving claims and consequently the cost of malpractice insurance. *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983).

In regard to Ofili's first point of error, she cites absolutely no authority to support her contention that she may waive the service of notice of intent to sue as a result of affirmative actions by her agents and her attorney. The effect of the statute is for the benefit of any person alleged to be liable in a malpractice action; the legislature unambiguously declared the proper procedure to commence an action of this type to be service, at least sixty days prior to the commencement of the action for medical injury, by

certified or registered mail to the last known address of the person allegedly liable.

It is apparent that the benefits and protections embodied in this statute were established for the person alleged to be liable and may not be waived by the person asserting liability. Perhaps Ofili meant to say that Osco Drug had waived the notice requirement. Even so, it is perfectly clear that Osco Drug never effected a waiver in this case. In fact, Osco Drug contended in its answer to Ofili's first complaint, as well as her present complaint, that service was defective pursuant to the statute. As a result, this point of error is without merit.

Equally unpersuasive is Ofili's second point of error in which she alleges that the trial court erred in granting Osco Drug's summary judgment as a result of her lack of literal compliance with the statute. It is obvious that the statute means what it says; we said as much in *Dawson v. Gerritsen*, 290 Ark. 499, 720 S.W.2d 714 (1986), when we affirmed the trial court's dismissal of a complaint for failure to give notice of intent to sue to the defendants.

In *Dawson*, the appellant sued appellee for medical injury without first giving the sixty-day notice and voluntarily nonsuited his first claim. He then refiled his claim sixty-nine days after service of process in the first suit and claimed that the filing of the first suit constituted notice in compliance with the statute. We held that the appellant's action did not comport with either the letter or spirit of the law requiring, in malpractice cases, that the plaintiff give the defendant or defendants sixty days notice before being sued, and that the taking of a voluntary nonsuit in the first suit merely told the putative defendant that a claim potentially existed. In short, it was not the explicit notice contemplated by the statute.

We noted in *Dawson*, in response to the appellant's assertion that the copy of the complaint from the first suit gave the appellees information in much greater detail than required under the statute, that:

> That may be true, so far as it goes, but we decline to rewrite the statute in that fashion, for two reasons. The statute is plainly intended to give the defendant or defendants in

malpractice cases sixty days notice *before being sued*, for whatever functional use may be made of that information, the obvious rationale being that if a claim can be compromised before suit is filed, publicity adverse to the defendant is thereby averted. Whether the notice provision effectively serves that objective is not ours to judge, but we are persuaded that appellant's proposed alternative of suing twice, the first suit serving as notice of an intent to file the second suit, hardly comports with either the letter or the spirit of the statutory scheme. The end result is that a defendant, instead of receiving the sixty day notice prior to *any* suit being filed, is sued twice without receiving written notice in advance of either suit.

Secondly, the filing of a complaint followed by a voluntary nonsuit is, at best, ambiguous. Taken alone, they tell the putative defendant nothing other than that a claim potentially exists. They are not the explicit notice that a suit will be filed which the statute clearly contemplates.

■ Ofili's assertion that her affirmative acts and letters equate to service by certified or registered mail is not borne out by statute, case law, or good logic. Accordingly, we affirm the judgment of the trial court.

Affirmed.