Rosanne COX *v.* Ralph BARD, M.D.

89-324                                        786 S.W.2d 570

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*Killough, Ford & Hunter*, by: *S. Kyles Hunter*, for appellant.

*Mitchell, Williams, Selig & Tucker*, by: *T. Scott Clevenger*,

2

for appellee.

JACK HOLT, JR., Chief Justice. The issue presented by this appeal is whether the requirement for commencement of a medical malpractice action pursuant to Ark. Code Ann. § 16-114-204(a) (1987) is satisfied by a sheriff serving the doctor with notice of intent to sue. We hold that it is not and affirm.

On February 3, 1987, the appellee, Ralph Bard, M.D., operated on the appellant, Rosanne Cox, to treat her refractory peptic ulcer disease. Dr. Bard continued to treat her post-operatively until May 1988.

On January 31, 1989, Cox caused the St. Francis County Sheriff to serve Dr. Bard at his office during business hours with notice that she intended to sue him for medical malpractice. On April 5, 1989, Cox filed suit against Bard in circuit court, alleging that he was negligent in treating her. She prayed for $1,000,000 in damages. Bard filed a motion to dismiss, alleging that Cox had not complied with the Arkansas Medical Malpractice Act [Ark. Code Ann. §§ 16-114-201 to -209 (1987)].

The trial court took the motion under advisement and later dismissed Cox's complaint with prejudice on the basis that Cox had failed to comply with the notice requirement of section 16-114-204(a). We agree with the trial court.

Section 16-114-204(a) provides:

No action for medical injury shall be commenced until at least sixty (60) days after service upon the person or persons alleged to be liable, *by certified or registered mail to the last known address of the person or persons allegedly liable*, of a written notice of the alleged injuries and the damages claimed. [Emphasis added.]

The object of this code provision is to encourage the resolution of claims without judicial proceedings, thereby reducing the cost of resolving claims and, consequently, the cost of malpractice insurance. *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983). *See also Ofili* v. *Osco Drug, Inc.*, 300 Ark. 431, 780 S.W.2d 11 (1989).

Cox asserts that the legislature's use of "certified or registered mail" should be construed as directory and not restrictive of

other means of service and that her form of service was "better" than certified or registered mail.

Recently, this court made it clear that a plaintiff must strictly comply with the method of service prescribed by section 16-114-204(a). *Ofili, supra.* In *Ofili*, the appellant sued appellee for medical injury, from which she took a voluntary non-suit. Seven and one-half months after the first filing, she filed a new complaint, which was subsequently dismissed by the trial court with prejudice because notice had not been sent by either certified or registered mail.

On appeal, appellant contended that the trial court erred in granting appellee's motion for summary judgment as a result of her lack of literal compliance with section 16-114-204(a). In affirming the trial court, we stated, "Ofili's assertion that her affirmative acts and letters equate to service by certified or registered mail is not borne out by statute, case law, or good logic." The same may be said of this case.

Although we noted the object of this code provision in *Gay, supra*, it is apparent that part of the legislature's purpose in restricting the method of service of notice of intent to sue to certified or registered mail was to avoid precisely the situation that occurred in this case. Obviously, the legislature intended that notice be sent in a nonconfrontational manner, thereby permitting the medical practitioner or provider to analyze the nature of the claim, and if responsible, to accept responsibility without public proclaim or announcement and to avoid coercion in settlement of claims by threat of publication. Instead of merely sending notice by the non-confrontational manner envisioned by the legislature, Cox had the sheriff of St. Francis County serve Dr. Bard at his office during business hours. This indicates that intimidation, not resolution, was Cox's motive.

Cox's disregard of the purpose of the Arkansas Medical Malpractice Act is further illustrated by her failure to comply with section 16-114-205, which provides that an affirmative pleading in a medical malpractice action "shall not specify the amount of damages claimed but shall, instead, contain a general allegation of damage . . . ." In her complaint, Cox prayed for $1,000,000 in damages.

Affirmed.