Essie Brown LAMBERT as Next Friend
of the Estate of Lee Brown,
Deceased, Plaintiff,

v.

BEVERLY ENTERPRISES, INC., Beverly–California Corp., and (Beverly Enterprises–Arkansas, Inc.), Defendants.

Civ. No. 90–1094.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Dec. 12, 1990.

William F. Magee, Robert G. Taylor, for plaintiff.

Toney D. McMillan, McMillan, Turner & McCorkle, for defendants.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

Before this court are the two motions to dismiss filed by the defendants and the motion for leave to file an amended complaint filed by the plaintiff. The complaint was filed on July 24, 1990. The defendants filed a motion to dismiss on August 21, 1990. The plaintiff filed a response on September 4, 1990. A second motion to dismiss was filed by the defendants on September 13, 1990. Plaintiff filed a response to the second amended complaint and a motion for leave to file an amended complaint on September 21, 1990. On September 26, 1990, the defendants filed a response to the plaintiff's motion for leave to file an amended complaint. The plaintiff replied to the defendants' response on October 9, 1990.

This case involves the treatment and the consequences of the treatment of Lee Brown while in a nursing home operated by the defendants. Mr. Brown entered the

Meadowbrook Lodge in Magnolia, Arkansas, on June 27, 1987. He left Meadowbrook on June 6, 1988. Mr. Brown died on January 12, 1989.

### NOTICE OF INTENT TO SUE

Mr. Brown was survived by a daughter, Essie Brown Lambert. The plaintiff forwarded three Notices of Intent to Sue to the defendants by certified mail on or about May 17, 1990. The return receipts provided by the plaintiff indicate that Beverly California received a notice on May 22, 1990; Beverly Enterprises Ark. Inc. received a notice on May 21, 1990; and Meadowbrook received a notice on May 19, 1990. The notice was in the name of "Essie Brown Lambert as next friend of the Estate of Lee Brown." The original complaint was filed on July 24, 1990, listing the plaintiff as "next friend" of her father's estate.

Defendants assert that the notice was defective and did not meet the requirements of Arkansas Code Ann. § 16–114–204(a). The statute states:

(a) No action for medical injury shall be commenced until at least sixty (60) days after service upon the person or persons alleged to be liable, by certified or registered mail to the last known address of the person or persons allegedly liable, of a written notice of the alleged injuries and the damages claimed.

The defendants argue that the plaintiff's notice did not specify the injuries and damages claimed as required by the statute. Defendants claim that the notice is further defective due to the fact that the plaintiff was not the executrix or the administratrix of the estate of Lee Brown. According to the defendants, the plaintiff was not the proper plaintiff, an indispensable party as required by Fed.R.Civ.P. 19.

The defendants raise two questions about the notice: first, if the notice of intent to sue was prepared and served in such a way as to meet the requirements and purposes of Arkansas Code Ann. § 16–114–204(a); and if Essie Brown Lambert was the proper person to forward the notice. The notice was mailed to the parties allegedly liable by certified mail more than sixty days prior to filing the lawsuit.

■ The notice indicated that Lee Brown "suffered various injuries and from malnutrition as a direct result of the acts or omissions of personnel of Meadowbrook Lodge." It stated further that: "Mr. Brown suffered actual damages which included substantial medical expenses and mental anguish due to the injuries he sustained."

The notice was on the letterhead of attorney, William F. Magee and contained his signature. It also contained the address and the signature of another attorney, Robert G. Taylor, II.

"The object of this code [A.C.A. § 16–114–204(a)] is to encourage the resolution of claims without judicial proceedings, thereby reducing the cost of resolving claims and, consequently, the cost of malpractice insurance." *Cox v. Bard*, 302 Ark. 1, ——, 786 S.W.2d 570, 571 (1990); *Gay v. Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983); *Ofili v. Osco Drug, Inc.*, 300 Ark. 431, 780 S.W.2d 11 (1989). According to the emergency clause of Act 709 of 1979, the source of Ark.Code Ann. § 16–114–204(a), the purpose of the notice is to help control the spiraling costs of health care by controlling the spiraling costs of medical malpractice insurance.

The notice forwarded by the plaintiff informed the defendants that a medical malpractice case involving the treatment or mistreatment of Lee Brown was impending. The notices stated: "Pursuant to Ark. Code Ann. § 16–114–204, this letter constitutes the required notice that a health care claim may be filed against you." The defendants were advised of the general nature of the injuries and damages claimed on behalf of Mr. Brown. "The sixty day requirement makes it possible for the insurance carrier and the potential defendant to attempt to arrive at a settlement with the aggrieved person without the necessity of the parties incurring the expense of litigation." *Gay v. Rabon*, 652 S.W.2d at 838.

The notice contained the names and addresses of both of the attorneys who were

retained by the plaintiff to pursue this matter. I am confident that these attorneys would have responded to any inquires or overtures by the defendants in regard to the notice.

■ The defendants assert that the plaintiff was incapable of putting the defendant on notice of a potential claim because she wasn't the executrix or administratrix of Lee Brown's estate. Plaintiff was listed in the notices and in the original complaint as "next friend" of the estate of Lee Brown. Defendants' argument as to plaintiff's incapacity to mail the notices is unpersuasive and is not borne out by statute or case law. The use of certified mail allows the notices to be received, "in a nonconfrontational manner, thereby permitting the medical practitioner or provider to analyze the nature of the claim, and if responsible, to accept responsibility without public proclaim or announcement and to avoid coercion in settlement of claims by threat of publication." *Cox v. Bard*, 786 S.W.2d at 571.

The fact that the plaintiff sent the notices as "next friend" did not prevent the defendants from analyzing the nature of the claim involving Lee Brown without the public being made aware of the claim. The notices of intent to sue mailed by the plaintiff were adequate to meet the requirements of prelitigation procedure pursuant to Ark.Code Ann. § 16–114–204(a). A "mere letter by certified or registered mail suffices" to meet the notice requirements. *Gay v. Rabon*, 652 S.W.2d at 838. The defendants were not prejudiced in any way by receiving a sixty day notice of a health claim from a "next friend" instead of from a administratrix or executrix. This court finds that the notice forwarded by the plaintiff to the defendants met the requirements of Ark.Code Ann. § 16–114–204(a), communicating the intent of the plaintiff to sue the defendants. The motions to dismiss filed by the defendants should be denied.

### AMENDING THE ORIGINAL COMPLAINT

■ The plaintiff has been appointed the special administratrix of the estate of Lee Brown by the probate court of Lafayette County, Arkansas, in case number P–90–39–2. This order was filed with the probate clerk of that county on September 19, 1990. The original complaint was filed by the plaintiff on July 24, 1990.

The plaintiff filed a motion for leave to amend complaint on September 21, 1990. The plaintiff attached a copy of the amended complaint to the brief in support of the motion. The amended complaint is styled "Essie Brown Lambert, Special Administratrix of the estate of Lee Jean Brown, Deceased."

Leave to amend pleadings should be freely given and is encouraged when justice so requires. *City of Columbia v. Paul N. Howard Co.*, 707 F.2d 338 (8th Cir.1983); Fed.R.Civ.P. 15(a). "The disposition of a motion to amend is within the sound discretion of the district court and to warrant reversal there must be some abuse of discretion." *Sprynczynatyk v. General Motors Corp.*, 771 F.2d 1112, 1125 (8th Cir. 1985); *see Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The amended complaint which the plaintiff proposes to file does not assert any additional facts. The trial date of this matter is not impending so as to work any type of hardship on the defendants. The defendants will not suffer any hardship by the addition of the plaintiff as administratrix instead of the plaintiff as "next friend." The persons involved are the same and the facts are the same as originally pleaded. Justice requires that the plaintiff be allowed to assert her capacity as administratrix of her father's estate. Pursuant to Rule 15 of the Federal Rules of Civil Procedure the plaintiff's motion for leave to file an amended complaint will be granted. The plaintiff has ten days from the entry of this order to file the amended complaint.

A separate order will be entered denying the motions to dismiss of the defendants and granting the plaintiff's motion for leave to file an amended complaint.