Jessie TRAVIS and Connie Travis *v.* Richard HOUK, M.D.

91-122                                             817 S.W.2d 207

Supreme Court of Arkansas
Opinion delivered October 28, 1991

*Larry J. Steele*, for appellants.

*Friday, Eldredge & Clark*, by: *C. Tab Turner* and *Scott H. Tucker*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the procedural question of whether the appellants, Jessie and Connie Travis, may amend their complaint alleging medical malpractice against the appellee, Dr. Richard Houk, to comply with Ark. Code Ann. § 16-114-205 (1987), which prohibits the specification of an amount of damages in an action for medical injury.

On July 18, 1990, the Travises filed their original complaint

and claimed damages in the amount of $275,000.00, arising out of Dr. Houk's alleged actions between August 12 to 14, 1988. Dr. Houk answered and filed a motion to dismiss on August 13, 1990, on the basis of non-compliance with section 16-114-205. The Travises subsequently amended their complaint to claim an unspecified amount of damages, as a result of which Dr. Houk then filed a motion to strike the amended complaint.

On March 18, 1991, the trial court granted Dr. Houk's motion to strike the Travises' amended complaint and their original complaint was dismissed without prejudice. For purposes of appeal, a judgment is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. Although the dismissal of the claim against the Travises was without prejudice, it was clearly a dismissal of the parties from this action and a final, appealable order. *See Middleton v. Stilwell*, 301 Ark. 110, 782 S.W.2d 44 (1990).

The Travises assert one point of error on appeal and argue that the trial court erred in striking the amended complaint and dismissing without prejudice their original complaint. We agree and reverse and remand.

Section 16-114-205 addresses the allegation of damages in medical malpractice actions and provides in pertinent part as follows:

> (a)   In any action for medical injury, the declaration or other affirmative pleading shall not specify the amount of damages claimed but shall, instead, contain a general allegation of damage and shall state that the damages claimed are within any minimum or maximum jurisdictional limits of the court to which the pleading is addressed.

*     *     *     *

Arkansas R. Civ. P. 15(a) addresses amended pleadings and provides in pertinent part as follows:

> (a)   Amendments. With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the

court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding. . . .

■ In *Pineview Farms, Inc.* v. *Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989), we noted that a party should be allowed to amend absent prejudice, and an important consideration in determining prejudice is whether the party opposing the motion will have a fair opportunity to defend after the amendment.

Although we have required strict compliance with the medical malpractice provision regarding notice of intent to sue, *Cox* v. *Bard*, 302 Ark. 1, 786 S.W.2d 570 (1990); *Ofili* v. *Osco Drug, Inc.*, 300 Ark. 431, 780 S.W.2d 11, (1989); and *Dawson* v. *Gerritsen*, 290 Ark. 499, 720 S.W.2d 714 (1986), we premised our decisions on the legislature's intent of encouraging "the resolution of claims without judicial proceedings, thereby reducing the cost of resolving claims and consequently the cost of malpractice insurance." *Ofili* v. *Osco Drug, Inc.* (citing *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983)).

In this case, the Travises complied with the notice of intent to sue provision, yet violated section 16-114-105(a) by specifying their damages in the amount of $275,000.00, rather than alleging a general claim for damages. Dr. Houk obliquely claims that "[i]f the amendment is permitted, the original complaint containing the figure of $275,000.00 is still of public record and open to the community in general. This public record would then be available for any reporter to inspect and, if he considered the matter newsworthy, to publicize." However, Dr. Houk has not shown resulting prejudice or undue delay as a result of the filing of the amendment. We also find it important, in this case, that there is no showing that Dr. Houk will not have a fair opportunity to defend after the amendment.

■ Consequently, we find that the trial court misapplied Rule 15(a) and abused its discretion in this case by granting Dr. Houk's motion to strike the Travises' amended complaint and

dismissing their original complaint without prejudice.

Reversed and remanded.