Calvin THOMAS and Lorraine Thomas *v.*
Paul CORNELL, M.D.

93-906

872 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*The Cortinez Law Firm, P.A.*, by: *Robert S. Tschiener* and *Robert R. Cortinez*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Richard L. Angel and Amelia Mosely Russell*, for appellee.

JACK HOLT, JR., Chief Justice. The trial court granted a motion to dismiss in favor of appellee, Paul Cornell, M.D., inasmuch as the applicable statute of limitation in medical malpractice actions limits claims to two years from date of wrongful act complained of, Ark. Code Ann. § 16-114-203 (Supp. 1993). Appellants, Lorraine and Calvin Thomas, urge us to reverse the trial court's findings in this regard inasmuch as Ark. Code Ann. § 16-114-204 authorizes a ninety-day extension of this limitations period under circumstances relating to their claim. We disagree and affirm.

In May 1990, the Thomases discovered they were going to have a baby and employed Dr. Cornell as their obstetrician. During the pregnancy, Mrs. Thomas, according to her complaint, suffered considerable abdominal cramping, and on October 22, 1990, she advised Dr. Cornell that the pain was becoming more severe and asked for treatment. Dr. Cornell allegedly refused to provide treatment, prescribed medication, and, ultimately, told her that her pains were false labor and recommended ultrasonography. On October 27, 1990, Mrs. Thomas again called the doctor and told him that she had suffered severe abdominal cramping, but he only prescribed bedrest. At about 10:30 a.m. that day, Mrs. Thomas went into labor in her bathroom, without the atten-

dance of a physician, and the baby fell on the floor, and, thereafter, died.

On October 20, 1992, nearly two years later, the Thomases sent Dr. Cornell a letter by certified mail notifying him that they were making a claim against him for medical negligence, and, on January 19, 1993, the Thomases filed their complaint against Dr. Cornell in circuit court.

In response, Dr. Cornell filed a motion to dismiss, explaining that pursuant to *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), the requirement of a sixty-day notice letter being forwarded to a medical care provider prior to commencement of a medical malpractice action had been eliminated, and therefore, the ninety-day extension of the limitations period when notice letters were issued to medical care providers had likewise been "abolished." Dr. Cornell further claimed that the applicable statute of limitations in medical malpractice actions, as provided in Ark. Code Ann. § 16-114-203 (Supp. 1993), remained as two years from date of the "wrongful act complained of." The trial court agreed and granted Dr. Cornell's motion. The Thomases appeal.

For their first argument for reversal, the Thomases contend that the trial court erred in dismissing their complaint because *Weidrick* merely negated the necessity of sending a right-to-sue letter when one is desiring to file suit against a physician for malpractice and did not provide for supersession of Ark. Code Ann. § 16-114-204 (b), which extended the two-year statute of limitations provided in Ark. Code Ann. § 16-114-203 by ninety days, thus making the filing of their claims timely.

Granted, we have encountered the notice requirement of this statute several times since its inception and have held it to be constitutional. *See Jackson* v. *Ozment*, 283 Ark. 100, 671 S.W.2d 736 (1984); *Simpson* v. *Fuller*, 281 Ark. 471, 665 S.W.2d 269 (1984); *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983). In *Jackson, supra*, we also held that the statute was not superseded by Ark. R. Civ. P. 3 but, instead, "adds an additional step to the proper commencement of a medical injury case provided under ARCP Rule 3." *Jackson*, 283 Ark. at 101-103, 671 S.W.2d at 738.

More recently, in *Weidrick* v. *Arnold*, 310 Ark. 138,

835 S.W.2d 843 (1992), noting the court's adoption of the Super-session Rule[1], we reevaluated our position on § 16-114-204 and overruled *Jackson* on that point, holding that Ark. R. Civ. P. 3 directly conflicts with and supersedes Ark. Code Ann. § 16-114-204 (1987, Supp. 1991) with respect to the commencement of civil actions.

In *Weidrick* we stated:

> We can think of few rules more basic to the civil process than a rule defining the means by which complaints are filed and actions commenced for a common law tort such as medical malpractice. The express intent of the Arkansas Constitution and Act 38 of 1973 is for the governance of the procedure of the courts of this state to fall within the power and authority of the Arkansas Supreme Court. How civil actions are commenced is a fundamental cog in that procedural wheel.

> We hold, therefore, that Rule 3 directly conflicts with and supersedes Ark. Code Ann. 16-114-204 (1987, Supp. 1991) with respect to the commencement of civil actions.

*Weidrick*, 310 Ark. at 146, 835 S.W.2d at 847-848.

The crux of the issue before us now is whether we intended in *Weidrick* to hold that Rule 3 supersedes all of Ark. Code Ann. § 16-114-204 or merely section (a), concerning the commencement of the civil action, thus leaving section (b), relating to the statute of limitation, intact. In answering this issue, we first focus on both subsections of Ark. Code Ann. § 16-114-204 (Supp. 1993), which provide:

> (a)   No action for medical injury shall be commenced until at least sixty (60) days after service upon the person or persons alleged to be liable, by certified or registered mail to the last known address of the person or persons allegedly liable, of a written notice of the alleged injuries and the

---

[1]The Supersession Rule, which we adopted as part of the Arkansas Rules of Civil Procedure, provides, "All laws in conflict with the Arkansas Rules of Civil Procedure, Rules of Appellate Procedure and Rules for Inferior Courts shall be deemed superseded as of the effective dates of these rules." Supersession Rule, Arkansas Court Rules p. 689 (1993).

damages claimed. Provided, service of the written notice of the alleged injuries and damages claimed may also be made by hand delivery.

(b) If the notice is served within sixty (60) days of the expiration of the period for bringing suit described in § 16-114-203, the time for commencement of the action shall be extended ninety (90) days from the service of the notice. When service is by certified or registered mail, the date of service of the notice shall be the date of the mailing of the written notice.

■ The primary rule in the construction of a statute is to ascertain and give effect to the intent of the legislature, and in determining legislative intent, we look to the language of the whole statute or act. *Shinn* v. *Heath*, 259 Ark. 577, 535 S.W.2d 57 (1976). In order to give effect to every part of a statute, it is the court's duty, as far as practicable, to reconcile the different provisions so as to make then consistent, harmonious, and sensible. *Id.*

■ We have held that where the purpose of a statute is to accomplish a single object, and some of its provisions are invalid, the entirety must fail unless sufficient language remains to effect the object without the aid of the invalid portion. As we explained in *Allen* v. *Langston*, 216 Ark. 77, 224 S.W.2d 377 (1949):

But if its (the statute's) purpose is to accomplish a single object only, and some of its provisions are void, the whole must fail, unless sufficient remains to effect the object without the aid of the invalid portion. And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the Legislature would not pass the residue independently, then if some parts are unconstitutional, all of the provisions which are thus dependent, conditional, or connected must fall with them.

*Allen*, 216 Ark. at 85, 224 S.W.2d at 381 (citing *Oliver* v. *Southern Trust Co.*, 138 Ark. 381, 212 S.W. 77 (1919)).

■ Arkansas Code Annotated § 16-114-204 has a single object — to promote the settlement of actions against medical care

providers prior to the initiation of the lawsuit. *See Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983). Applying the analysis of *Allen* to the facts before us, it is clear that the notice requirement of section (a) was a condition of section (b), which provided an extension to the two-year statute of limitations. Thus, these sections are dependent upon one another, and, accordingly, to have held in *Weidrick* that section (a) is superseded in its application is to render the entire statute superseded.

For their next argument for reversal, the Thomases contend that even if *Weidrick* affects the statute of limitations, it should be applied prospectively rather than retroactively. Although the Thomases questioned below when an appellate court decision becomes effective, they did not specifically question whether a decision should be applied retroactively or prospectively. Since the Thomases failed to raise this issue of prospective or retroactive application of a supreme court decision before the trial court, it is waived on appeal. *Green* v. *State*, 313 Ark. 87, 852 S.W.2d 110 (1993); *Daley* v. *Boroughs*, 310 Ark. 274, 835 S.W.2d 858 (1992).

Lastly, the Thomases argue that they, and other similarly situated parties, are entitled to a reasonable period of time before being held accountable for an "alteration" of a limitations period brought about by a supreme court decision. However, our decision in *Weidrick* did not alter the limitations period for medical malpractice lawsuits — as before, the limitations period is still two years. Ark. Code Ann. § 5-114-203 (Supp. 1993). The effect of *Weidrick* was only to eliminate a condition whose fulfillment provided an *extension* to the two-year limitations period for some ninety days. Therefore, the Thomases' contention that they should not be held accountable for the "shortening" of the limitations period until a reasonable time after the opinion had been released is without merit because *Weidrick* did not, strictly speaking, shorten the limitations period.

Granted, we have upheld actions subject to a shortened limitations period where the parties had 104 days notice of the shortened period, *Thomas* v. *Service Finance Corp.*, 293 Ark. 190, 736 S.W.2d 3 (1987); and ninety days. *Steele* v. *Gann*, 197 Ark. 480, 123 S.W.2d 520 (1939). Here, there was no shortening of the limitations period in which to bring a medical malpractice action. Thus, the matter of notice is a non-issue.

Affirmed.

NEWBERN and DUDLEY, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The basis of our decision in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), was that Ark. Code Ann. § 16-114-204 (1987) conflicted with Ark. R. Civ. P. 3 because it added a condition for commencing a civil action for medical injury. The condition added was the requirement that a plaintiff wait 60 days after notifying the defendant before commencing an action for medical injury. The question here is whether our invalidation of the 60-day requirement for commencement of an action for medical injury caused the entire statute, including the statute of limitations extension, to be invalid.

The majority opinion, correctly I believe, notes that "where the purpose of a statute is to accomplish a single object, and some of its provisions are invalid, the entirety must fail unless sufficient language remains to effect the object without the aid of the invalid portion."

Subtracting the 60-day delay requirement leaves a law that provides a 90-day extension of the statute of limitations when notice of the alleged injuries and damages claimed has been provided to a potential medical injury defendant. May the object of the statute be effected absent the invalid portion?

The object of the statute "is to encourage the resolution of claims without judicial proceedings, thereby reducing the cost of resolving claims and, consequently, the cost of malpractice insurance." *Cox* v. *Bard*, 302 Ark. 1, 786 S.W.2d 570 (1990); *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983).

While the statute may no longer require that the notice be given 60 days before suit is filed, if only that part of it is excised, the extension of the statute of limitations remains, and it gives an incentive to provide the notice. Providing the notice serves the object we have attributed to the statute, so the statute should not be held to have been altogether invalidated.

I respectfully dissent.

DUDLEY, J., joins in this dissent.