Nora PARMLEY v. J.I. MOOSE, M.D.

93-1400                                           876 S.W.2d 243

Supreme Court of Arkansas
Opinion delivered May 16, 1994

*Sexton Law Firm, P.A.*, by: *Stephen H. Meeh*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Richard L. Angel* and *Amelia Mosley Russell*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal raises issues concerning the scope of our holding in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), a medical malpractice case, in relation to Ark. Code Ann. § 16-114-204 (Supp. 1993)("Notice of intent to sue"). In the present case, the trial court correctly dismissed appellant Nora Parmley's medical malpractice action with prejudice, ruling that the statute was invalidated in its entirety by *Weidrick* and that the two-year statute of limitations set forth in Ark. Code Ann. § 16-114-203(a) (Supp. 1993) is controlling.

We addressed this matter dispositively in *Thomas* v. *Cornell*, 316 Ark. 366, 872 S.W.2d 370 (1994), a recent opinion handed down after the trial court had entered its findings in this case and counsel had submitted their briefs in this appeal. In the light of our holding in *Thomas* that the entire statute in question was in conflict with and superseded by Ark. R. Civ. P. 3, we affirm the decision of the trial court.

On April 7, 1993, the appellant, Nora Parmley, filed a medical malpractice action against the appellee, J.I. Moose, M.D., alleging that Dr. Moose had been negligent in rendering medical care between April 21, 1988, and February 7, 1991. She stated in her complaint that, during the course of her treatment by Dr. Moose, she experienced progressively worsening pulmonary problems. These, Ms. Parmley averred, eventually deteriorated to the point where she developed cyanosis, a condition defined as a "dark bluish or purplish coloration of the skin and mucous membrane due to deficient oxygenation of the blood. . . ." *Steadman's Medical Dictionary*, 383 (25th ed., 1990).

According to the complaint, Ms. Parmley's condition began gradually to improve only after she discontinued treatment by Dr. Moose in February 1991, when she was admitted first to the intensive care unit at the Siloam Springs Memorial Hospital and then to the St. Francis Hospital in Tulsa, Oklahoma. Ms. Parmley stated that her serious condition resulted directly from the failure of Dr. Moose to provide a correct diagnosis and to employ a regimen of treatment consistent with generally accepted methods in the medical community. She requested compensation for her pain, anguish, mental and physical distress, and permanent heart damage.

On January 8, 1993, eighty-eight days before she filed her complaint, Ms. Parmley served a "Notice of Intent to Sue" upon Dr. Moose, pursuant to Ark. Code Ann. § 16-114-204 (Supp. 1993). That section states:

> (a) No action for medical injury shall be commenced until at least sixty (60) days after service upon the person or persons alleged to be liable, by certified or registered mail to the last known address of the person or persons allegedly liable, of a written notice of the alleged injuries and the

damages claimed. Provided, service of the written notice of the alleged injuries and damages claimed may also be made by hand delivery.

(b) If the notice is served within sixty (60) days of the expiration of the period for bringing suit described in § 16-114-203, the time for commencement of the action shall be extended ninety (90) days from the service of the notice. When service is by certified or registered mail, the date of service of the notice shall be the date of the mailing of the written notice.

Under Ark. Code Ann. § 16-114-203(a), except for cases involving obstetrical care or incompetents, "all actions for medical injury shall be commenced within two (2) years after the cause of action accrues." Subsection (b) provides that "The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time."

The final date on which Ms. Parmley alleged negligence, February 7, 1991, became, for the purposes of the lawsuit, the "date of the accrual of the cause of action." The statute of limitations expired on February 7, 1993, and the January 8, 1993 notice of intent to sue was served within sixty days of the end of the statutory period. A grace period of ninety days was provided under such circumstances by Ark. Code Ann. § 16-114-204(b), extending the time for commencement of the action, and the filing on April 7, 1993, occurred, as noted above, eighty-eight days after service of the notice of intent to sue.

Dr. Moose filed a motion to dismiss on April 30, 1993, contending that this court's decision in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), abolished the sixty-day notice requirement and the ninety-day extension. We held in *Weidrick* that Ark. R. Civ. P. 3, which states that "[a] civil action is commenced by filing a complaint with the clerk of the proper court who shall note thereon the date and precise time of filing," directly conflicts with and supersedes Ark. Code Ann. § 16-114-204. Hence, Dr. Moose urged, the two-year limitation of Ark. Code Ann. § 16-114-203(a) was applicable, and the action, filed on April 7, 1993, two months after the expiration of the relevant period, was barred by the statute of limitations.

On September 2, 1993, following a hearing, the circuit court entered an order finding that *Weidrick* v. *Arnold, supra,* "effectively reduced the applicable statute of limitations in medical negligence cases to two (2) years" and invalidated Ark. Code Ann. § 16-114-204 "in its entirety," precluding Ms. Parmley from taking advantage of the ninety-day extension under subsection (b). The complaint was "dismissed with prejudice based upon the applicable statute of limitations." From that decision, this appeal arises.

### I. Validity of Ark. Code Ann. § 16-114-204(b)

In her first point for reversal, Ms. Parmley argues that the trial court erred in dismissing her complaint on the basis that Ark. Code Ann. § 16-114-204 had been invalidated in its entirety. She contends that subsection (b), containing the authorization for the ninety-day extension for commencement of a malpractice action, was not affected by this court's holding in *Weidrick* v. *Arnold, supra*, and that its provisions may still be given effect.

■■ As previously stated, this issue recently was settled conclusively in *Thomas* v. *Cornell, supra,* where we explicated our holding in *Weidrick* v. *Arnold, supra*, and determined that the two sections of Ark. Code Ann. § 16-114-204 "are dependent upon one another, and, accordingly, to have held in *Weidrick* that section (a) is superseded in its application is to render the entire statute superseded." 316 Ark. at 371, 872 S.W.2d at 373. Our rationale was grounded in the well-established principle that when the purpose of a statute is to accomplish a single object, and some of its provisions are invalid, the whole must fail unless sufficient language remains to effect the object without the aid of the invalid portion. *Thomas* v. *Cornell, supra; Allen* v. *Langston,* 216 Ark. 77, 224 S.W.2d 377 (1949).

In short, we have already decided this issue.

### II. Applicable statute of limitations

■ For her second point for reversal, Ms. Parmley asserts that, because the trial court below noted that this court had specifically invalidated only Ark. Code Ann. § 16-114-204(a), there was reasonable doubt regarding whether the ninety-day extension was available to her. Of course, our decisions in *Thomas* v.

*Cornell, supra,* and *Weidrick* v. *Arnold, supra,* render this issue moot.

### III. Strict construction of Ark. Code Ann. § 16-114-204

■ Ms. Parmley urges, in her third point on appeal, that the trial court erred in finding that Ark. Code Ann. § 16-114-204 is invalid in its entirety because the statute is in derogation of the common law and must be strictly construed in favor of those upon whom the burden sought to be imposed. *See Hartford Ins. Group* v. *Carter,* 251 Ark. 680, 473 S.W.2d 918 (1971). Again, the question is mooted by *Thomas* v. *Cornell, supra,* and *Weidrick* v. *Arnold, supra.*

■ Moreover, the question was not specifically raised below, and no ruling was obtained on the issue. Arguments not raised at trial are not considered on appeal. *Gilliam* v. *Thompson,* 313 Ark. 698, 856 S.W.2d 877 (1993).

### IV. Constitutionality of Act 709 of 1979

In her fourth and final point for reversal, Ms. Parmley argues that, if Ark. Code Ann. § 16-114-204 is invalid in its entirety, then Act 709 of 1979, which addresses actions for medical injury, is unconstitutional, and the trial court erred in not declaring it so. She raised the constitutional question in her response to Dr. Moose's motion to dismiss but neglected, initially, to give notice to the Attorney General as required by Ark. Code Ann. § 16-111-106(b) (1987). Subsequently, the trial court ordered her to raise the issue properly within twenty days or waive it.

■ Ms. Parmley notified the Attorney General of her constitutional challenge within the allotted period. However, she failed to pursue the issue further, neither filing motions with the trial court on the question nor requesting a ruling on her previous challenge. As a result, the trial court never ruled on the constitutional issue. The burden of obtaining a ruling is on the movant; matters left unresolved are waived and may not be raised on appeal. *McElroy* v. *Grisham,* 306 Ark. 4, 810 S.W.2d 933 (1991).

Affirmed.