The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, Arkansas 72205
Dear Senator Snyder:
This is in response to your request for an opinion on three questions relating to section 7(b) of Act 1256 of 1995. Section 7(b) provides:
 The costs set forth in this act shall be imposed at the conclusion of any criminal case that does not end in an acquittal, dismissal, or, with the consent of the prosecution, a nolle prosequi. They shall be imposed at the conclusion of cases involving a suspended or probated sentence even though that sentence may be expunged or otherwise removed from the defendant's record.
Your questions are:
 1. Does the term "criminal" [as used in section 7(b)] include or exclude traffic cases?
 2. What is a "case"? Is each charge a "case", or is each ticket a case no matter how many charges are on it?
 3. Do Defendants in traffic cases who are convicted and put on probation, and successfully complete the probation, have to be assessed costs beginning July 1?
While this office cannot provide a conclusive definition of a term in instances where the legislature has elected not to include one in an enactment, it is my opinion that the phrase "any criminal case," as used in section 7(b), includes traffic cases.
The "costs set forth in this act," referred to in section 7(b), are only those court costs set forth in section 7(a) of the act; the act imposes no other court costs. It is thus appropriate to refer to the language of section 7(a) in determining the meaning of the word "criminal" in section 7(b). Section 7(a) provides:
 There shall be levied and collected from each defendant upon each conviction, each plea of guilty or nolo contendere, or forfeiture of bond the following court costs:
 (1) For misdemeanor or felony violation of state law, excluding violation of the Omnibus DWI Act, in circuit court . . . . . . . $100.00
 (2) For offenses which are misdemeanors or violations under state law or local ordinance, excluding violation of the Omnibus DWI Act, in municipal, city, or police court . . . . . . . . . . $50.00
 (3) For traffic offenses which are misdemeanors or violations under state law or local ordinance, excluding violation of the Omnibus DWI Act, in municipal, city, or police court . . . . . . $50.00
 (4) For violation of the Omnibus DWI Act in circuit, municipal, and city court . . . . . . . . . . . . . . . . . . . . . . . . . $300.00
It might be noted that subsections (2) and (3) differ only in the insertion of the word "traffic" in subsection (3). In my view, subsection (3) was included in the act for the purpose of clarifying that cases involving only traffic offenses are subject to the imposition of the costs set forth in the act. In other words, it appears that, if the legislature had been certain that the word "offenses" in subsection (2) would be interpreted by the courts to include traffic as well as other types of offenses, there would have been no reason to include subsection (3).
Section 7(b) dictates when and under what circumstances the "costs set forth in this act" (i.e., the costs set forth in section 7(a)) shall be imposed. No other provision of the act sets forth similar rules governing the imposition of court costs. For that reason, it is my opinion that the legislature, in using the words "any criminal case" in section 7(b), was referring to any and all cases in which costs are to be imposed under section 7(a), including cases involving only traffic offenses. If the words "any criminal case" were interpreted not to include cases involving only traffic offenses, no provision of the act would dictate when and under what circumstances court costs in such cases, which are provided for by section 7(a)(3), should be imposed. Insofar as practicable, a court will give effect to every part of a statute and reconcile provisions so as to make them consistent, harmonious, and sensible. Thomasv. Cornell, 316 Ark. 366, 872 S.W.2d 370 (1994).[1]
With respect to your second question, it is my opinion that each charge brought against a defendant constitutes a separate "criminal case" within the meaning of that phrase as used in section 7(b) of the act.
I refer once again to section 7(a) of the act to determine the meaning of the language used in section 7(b). Section 7(a) specifies and requires the imposition of court costs; section 7(b) only specifies when and in what circumstances the costs are to be imposed. Section 7(a) imposes costs according to the charges brought, using the words "misdemeanor or felony violation," "offenses which are misdemeanors or violations" and "traffic offenses which are misdemeanors or violations," and "violation of the Omnibus DWI Act. . . ." By contrast, the words "any criminal case" in section 7(b) are used in specifying the time at which the costs are imposed.
As in the case of your first question, adoption of the only other available interpretation (i.e., that "each ticket [is] a case no matter how many charges are on it") would inject ambiguity and uncertainty into the act. For example, a defendant might be charged in circuit court, and on the same "ticket," with violations of both the Omnibus DWI Act and some state law other than the Omnibus DWI Act. If the proceedings against the defendant were held to be only one "criminal case," it would appear that only one amount should be imposed under section 7(a), but the act would provide no guidance concerning whether section 7(a)(1) ($100.00) or section 7(a)(4) ($300.00) would be applicable. Similarly, a defendant might be acquitted of a "greater" charge appearing on the same citation as a "lesser" charge of which he is convicted. In that event, if the proceedings constituted only one "criminal case," would it have ended in acquittal or conviction? The act again would provide no guidance. In my opinion, the legislative intent is best served by an interpretation that preempts such questions and permits all parts of the act to be effective without ambiguity or omission.
In my opinion, the answer to your third question is "yes."[2] Section 7(a) of the act imposes costs upon conviction, and section 7(b) clarifies that such costs shall be imposed even in the event of a probated sentence. There being no indication in the act that the successful completion of probation is relevant to the imposition of costs, I must conclude that court costs must be imposed regardless of the defendant's conduct during the probationary period.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
[1] In addition, it is clear that violations of the Uniform Act regulating traffic on Highways of Arkansas and other moving violations are "crimes." See A.C.A. §§ 27-49-104, 27-50-102, 27-50-301, 27-50-302, and 27-50-304.
[2] I assume your third question is not primarily addressed to the timing of the implementation of the act. Sections 2 and 17 of the act set forth rules governing implementation.