The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, Arkansas 72104-6833
Dear Senator Faris:
I am writing in response to your request for an opinion concerning Act 1027 of 2005, which authorizes credited service in the Arkansas Public Employees' Retirement System for compensated service in the Arkansas National Guard or Armed Forces Reserve. Specifically, you note that "Act 1207 [sic 1027] authorizes a member of the Arkansas Public Employees Retirement System to purchase one year of credited service for every five years of compensated services in the Arkansas National Guard or in the Armed Forces Reserves if specific criteria is met." You also note that "[p]revious legislation precluded a PERS member from receiving credited service for concurrent service." You pose the following two questions:
 1. If a state employee has been a member of the National Guard or Armed Forces Reserves during his/her tenure with state government, is he or she eligible to purchase the credited service allowed by Act 1207 [sic 1027]?
 2. If an individual has fifteen years of compensated service in the Arkansas National Guard or Armed Forces Reserve, is he or she eligible to purchase one or three years of credited service?
RESPONSE
In my opinion the answer to your first question is "yes," and the answer to your second question is "one year."
The applicable law is Act 1027, to be codified at A.C.A. § 24-2-503 and it provides in pertinent part as follows:
 (b)(1) A member of the Arkansas Public Employees' Retirement System may purchase credited service in the system for a period not to exceed one (1) year for compensated service rendered by the member in the Arkansas National Guard or in the Armed Forces Reserve if the member:
 (A) Makes an application to the Board of Trustees of the Arkansas Public Employees' Retirement System;
 (B) Provides the board with satisfactory proof of that person's service in the Arkansas National Guard or Armed Forces Reserve; and
 (C)(i) For the year of service credit granted, pays to the system the employee and employer contributions. . . ."
* * *
 (c) A member shall receive one (1) year of purchased service credit for every five (5) years of compensated service in the Arkansas National Guard or in the Armed Forces Reserve.
* * *
 (f)(1) This section is supplemental to § 24-2-502, and nothing in this section shall diminish the right of any member of the system to obtain credited service in the system for active duty military service within the limits permitted by § 24-2-502.
 (2) However, no member is entitled to receive more than one (1) year of credited service rendered by the member under this section.
 (3) No member is eligible to purchase service credit in more than one (1) state-supported retirement system for service time in the Arkansas National Guard or in the Armed Forces Reserve.
 (4) Service credit in the system for active duty military service under § 24-2-502 and for service in the Arkansas National Guard or Armed Forces Reserve shall not be given for the same period of time.
 (5) The service is not credited as service under any other retirement system, including federal systems, except social security.
Act 1027 of 2005 (emphasis added).
Question 1 — If a state employee has been a member of the National Guardor Armed Forces Reserves during his/her tenure with state government, ishe or she eligible to purchase the credited service allowed by Act 1207[sic 1027]?
It is my opinion that the answer to this question is "yes."
Nothing in Act 1027 conditions eligibility for purchase of credited service on the National Guard or Army Reserve service not being concurrent with state employment. The plain language of subsection (b)(1) authorizes an APERS "member" to purchase credited service for compensated service rendered in the National Guard or Army Reserve. There is no limitation prohibiting such purchase for National Guard or Reserve service that occurred concurrently with state employment. This language may be contrasted with the language of the immediately preceding statutory section (A.C.A. § 24-2-502 (Supp. 2003)) (referenced in the statute above), which authorizes the purchase of credited service for service in the "armed forces of the United States."[1] Under this provision, certain members and former members of state-supported retirement systems are eligible to purchase credited service for "service rendered in the armed forces of the United States prior to the member's employment in a position covered by a state-supported retirement system. . . ." Clearly, this provision conditions eligibility on the military service being rendered prior to the state employment. Act 1027, on the other hand, contains no such restriction. If it had been the General Assembly's intention to condition eligibility in this manner under Act 1027, presumably it would have been easy to so state. In my opinion, therefore, the answer to your first question is "yes," a person with concurrent state employment and National Guard or Army Reserve service is not ineligible on that basis to purchase the credited service authorized by Act 1027.
Question 2 — If an individual has fifteen years of compensated service inthe Arkansas National Guard or Armed Forces Reserve, is he or sheeligible to purchase one or three years of credited service?
It is my opinion, although the Act contains some potentially conflicting language in this regard, that the answer to your question is "one year." In my opinion Act 1027 contains a cap of one year of credited service that may be purchased thereunder.
Subsection (b)(1) of the statute set out above, which is the operative language authorizing the purchase, clearly states that the purchase is "not to exceed one (1) year. . . ." This restriction is echoed in subsection (f)(2), which states that "[h]owever, no member is entitled to receive more than one (1) year of credited service rendered by the member under this section." The potentially conflicting language is found in subsection (c), which provides that: "[a] member shall receive one (1) year of purchased service credit for every five (5) years of compensated service in the Arkansas National Guard of in the Armed Forces Reserve." This language, including the use of the words "one . . . year . . . forevery five . . . years" (emphasis added), might be read to indicate that more than one total year of credited service may be purchased. In my opinion, however, this language cannot overcome the clear restrictions in subsections (b)(1) and (f)(2) restricting the amount purchased to one year. A court faced with such potentially conflicting provisions within a statute must, as far as is practicable, reconcile different provisions so as to make them consistent, harmonious, and sensible. Thomas v. Cornell,316 Ark. 366, 872 S.W.2d 370 (1994). In my opinion the "every five . . . years" language in subsection (c) was intended to set the years of service in the National Guard or Army Reserves that was necessary to trigger eligibility to purchase the one authorized year of credited service. This is the only subsection that details how many years of service in the Guard or Reserves is necessary to trigger eligibility to purchase the one year of credited service. The less than precise phraseology that includes the use of the words "every five . . . years," cannot, in my opinion overcome the clear dictates of the two unambiguous subsections (b)(1) and (f)(2) restricting the purchase to one year. In my opinion, therefore, the answer to your second question is "one year."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Act 1027, at Section 1, subsection (f)(1) and (f)(4), refers to this provision (A.C.A. § 24-2-502), as pertaining to "active duty military service."