Robert TROUTT *v.* Donna Kay MATCHETT

91-99                                                      808 S.W.2d 777

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*Robert Troutt*, pro se.

*Stuart Vess*, for appellee.

ROBERT L. BROWN, Justice. This dispute involves an appeal from an order by the trial court dismissing with prejudice a complaint for false arrest filed by appellant Robert Troutt against appellee Donna Kay Matchett. The dismissal order alluded to the fact that the case had previously been dismissed twice. There are no additional documents or pleadings in the record evidencing the prior complaints or the reasons for the two prior dismissals.

The appellant gives the following history of his litigation. He says that he filed his first complaint on December 18, 1984. That complaint was dismissed on October 22, 1986, without prejudice. The trial court's reason for the dismissal is unclear. The appellant advances no theory for the dismissal but says that the dismissal was involuntary. The appellee asserts that the dismissal was due to failure to prosecute. The appellant states that he then filed a second complaint on October 14, 1987, but took a voluntary nonsuit on November 14, 1988, four days before trial, because the trial court threatened sanctions. The complaint which is the subject of this appeal followed next on November 14, 1989, and the dismissal with prejudice was entered by the trial court on April 17, 1990.

The appellant, appearing *pro se*, argues on appeal that he has been denied his day in court and that his previous counsel was ineffective. He cites an earlier decision by this court which, he says, requires the appellee's repayment of the consideration for making the bond, because she surrendered him without cause. *See Troutt* v. *Langston*, 283 Ark. 220, 675 S.W.2d 625 (1984). In that decision we granted a writ of mandamus and stated generally that consideration should be returned when a surrender is made without cause. That decision, however, adduced a legal principle and did not pretend to affirm a finding of fact in this case that the appellee had indeed surrendered the appellant without cause. In sum, the earlier *Troutt* decision does not resolve the issue of whether the appellant has been denied relief or his right to be heard.

On the validity of the trial court's dismissal, we have no way of knowing whether it was correct or not, based on the record before us. We do not have the two previous complaints in the record; nor to we have the two earlier dismissal orders. All that we

have are arguments of counsel and oblique allusions to what transpired before. Under these circumstances we are left to speculation and conjecture about whether the previous dismissals were voluntary or involuntary. That information is essential for resolving the procedural question at hand. The record filed on appeal is, quite simply, fatally defective. *See* Ark. R. App. P. 6. We have held repeatedly that the burden is on the appellant to bring up a record sufficient to demonstrate that the trial court was in error. *See, e.g., SD Leasing, Inc.* v. *RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). When the appellant fails to meet that burden, we have no choice but to affirm the trial court. *Id.*

Lastly, the appellant's assertion that his previous counsel was ineffective is wholly without merit. That attorney is not a party to this litigation; moreover, there is nothing in record to substantiate this accusation. All we have before us is the bald statement by the appellant that his previous attorney nonsuited the second complaint after the trial court threatened sanctions. Again, the appellant's record is totally insufficient.

The trial court's order is affirmed.

Affirmed.

HOLT, C.J., not participating.