Joanne BAKER *v.* Philip E. MILAM, D.D.S.

94-961                                          900 S.W.2d 209

Supreme Court of Arkansas
Opinion delivered July 3, 1995

*McKinnon Law Firm*, by: *Laura J. McKinnon*, for appellant.

*Friday, Eldredge & Clark*, by: *Gregory D. Taylor*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Joanne Baker, appeals an order of the Newton County Circuit Court granting summary judgment to appellee, Philip E. Milam, D.D.S., on her claim for dental malpractice. The trial court applied this court's decision in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), and ruled appellant's claim was barred by the two-year statute of limitations, Ark. Code Ann. § 16-114-203 (Supp. 1993). Appellant alleges three points of error in that ruling. The Arkansas Court of Appeals certified this case to us for statutory interpretation. Jurisdiction is therefore properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3), (d)(1). We find no error and affirm the summary judgment.

Our standard for review of a summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law. *Ford Motor Credit Co.* v. *Twin City Bank*, 320 Ark. 231, 895 S.W.2d 545 (1995). We view all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Id.* However, when the movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet that proof with proof showing a genuine issue as to a material fact. *Id.*

Appellant filed her complaint for dental malpractice on May 18, 1993. She alleged that, on April 15, 1991, appellee negligently removed a tooth, thereby causing the sectioning of the inferior alveolar vascular bundle. Her complaint stated that, on

March 4, 1993, she served appellee with notice of her intent to sue. *See* Ark. Code Ann. § 16-114-204(a) (Supp. 1993). After raising the statute of limitations as an affirmative defense, appellee moved for summary judgment arguing the statute of limitations expired on April 15, 1993, two years from April 15, 1991, the date of alleged injury. In her response to the motion for summary judgment, appellant did not dispute the facts, but argued appellee was not entitled to judgment as a matter of law since appellant had complied with the sixty-day notice requirement of section 16-114-204(a), and was therefore entitled to the ninety-day extension of the limitations period authorized in section 16-114-204(b). In granting appellee's motion, the trial court ruled that both the sixty-day notice provision and the ninety-day extension provision had been invalidated pursuant to *Weidrick*, 310 Ark. 138, 835 S.W.2d 843.

Because appellant's first two points for reversal are so closely related, we consider them together. First, appellant argues that, although the sixty-day notice of intent to sue is no longer required pursuant to *Weidrick*, 310 Ark. 138, 835 S.W.2d 843, it may be voluntarily given by a plaintiff. Second, she contends that a plaintiff who voluntarily complies with the sixty-day notice provision is entitled to the ninety-day extension of the limitations period as that would achieve the legislative purpose underlying the statute, namely the settling of potential lawsuits. This court has previously answered both these arguments conclusively in *Thompson* v. *Dunn*, 319 Ark. 6, 889 S.W.2d 31 (1994).

The facts of *Thompson*, 319 Ark. 6, 889 S.W.2d 31, are remarkably similar to the facts of the present case. In *Thompson*, as in the present case, the plaintiff complied with the notice requirement of section 16-114-204(a) and also satisfied the ninety-day grace period in section 16-114-204(b), but did not meet the two-year period set forth in section 16-114-203. We held that even when a plaintiff has complied with the sixty-day notice provision of section 16-114-204(a) and the ninety-day extension of the limitations period in section 16-114-204(b), the ninety-day grace period in section 16-114-204(b) remains invalidated pursuant to *Thomas* v. *Cornell*, 316 Ark. 366, 872 S.W.2d 370 (1994), and *Parmley* v. *Moose*, 317 Ark. 52, 876 S.W.2d 243 (1994), such that the two-year limitations period set forth in section 16-114-203 is controlling. Our holding in *Thompson*, that the two-year

limitations period is controlling notwithstanding compliance with section 16-114-204, was based on the following statement by this court in *Thomas*:

> it is clear that the notice requirement of section (a) [of section 16-114-204] was a condition of section (b), which provided an extension to the two-year statute of limitations. Thus, these sections are dependent upon one another, and, accordingly, to have held in *Weidrick* that section (a) is superseded in its application is to render the entire statute superseded.

*Id.* at 371, 872 S.W.2d at 373.

In summary, the entire statute formerly known as section 16-114-204 has been superseded and the sixty-day notice requirement and its accompanying ninety-day grace period no longer exist. *Thompson*, 319 Ark. 6, 889 S.W.2d 31; *Pugh v. St. Paul Fire & Marine Ins. Co.*, 317 Ark. 304, 877 S.W.2d 577 (1994); *Parmley*, 317 Ark. 52, 876 S.W.2d 243; *Thomas*, 316 Ark. 366, 872 S.W.2d 370; *Weidrick*, 310 Ark. 138, 835 S.W.2d 843. Consistent with *Thompson*, we conclude the two-year limitations period of section 16-114-203 is controlling in the present case, notwithstanding appellant's compliance with section 16-114-204. Thus, the trial court did not err in concluding appellee was entitled to judgment as a matter of law based on the expiration of the two-year period.

As her third point for reversal, appellant contends *Weidrick* and its progeny were erroneously applied retroactively to her case since the date of appellee's alleged malpractice occurred prior to the *Weidrick* decision. *Weidrick* was decided on June 29, 1992. Appellant filed her complaint almost one year later on May 18, 1993. In oral argument, appellant extended this argument to include a claim that she should receive the benefit of the ninety-day extension since it was not held invalid until *Thomas*, 316 Ark. 366, 872 S.W.2d 370, which was decided on March 21, 1994, almost a year after she filed her complaint.

Appellant's argument is without merit for two reasons. First, this court held in *Thomas* that the entirety of section 16-114-204 was superseded as of the *Weidrick* decision. *Thomas*, 316 Ark. at 371, 872 S.W.2d at 373. Thus, the claim appellant raised in oral

argument is based on a false premise. Second, both the *Weidrick* and *Thomas* cases had been decided when the trial court entered its decision in this case.

■ We discern the basic issue to be the propriety of the retrospective application of a decision of this court. Appellant cites *Wiles* v. *Wiles*, 289 Ark. 340, 711 S.W.2d 789 (1986), and contends we should deviate from our long-standing practice of applying our decisions retrospectively. In *Wiles*, this court applied one if its overruling decisions prospectively because it found the parties had justifiably relied on the old rule of law. However, we find no such justifiable reliance in the present case. As appellee correctly observes, this court applied the law enunciated in the *Weidrick* case to the parties thereto. In addition, we observe this court has consistently applied *Weidrick* to suits filed after June 29, 1992, the date *Weidrick* was decided, but based on alleged acts of malpractice occurring prior to June 29, 1992. *See, e.g., Thompson*, 319 Ark. 6, 889 S.W.2d 31. We see no reason to engage in selective prospective application of *Weidrick* and its progeny to this case and thereby deviate from our established practice of applying *Weidrick* retrospectively. To do so would violate the principle of treating similarly situated parties the same.

■ In summary, the trial court correctly applied the decisional law of this court as it existed when it decided appellant's case. Accordingly, we find no error in the trial court's order granting summary judgment to appellee.

The judgment is affirmed.

ROAF, J., not participating.