EQUITY FIRE AND CASUALTY COMPANY *v.* Gary
NEEDHAM

95-280 912 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*Barrett & Deacon*, by: *Paul Waddell*; and *Davidson, Horne & Hollingsworth*, by: *Cyril Hollingsworth* and *William S. Roach*, for appellant.

*Henry, Walden & Halsey*, by: *Troy Henry* and *Clarke Mixon*, for appellee.

DONALD L. CORBIN, Justice. Appellee, Gary Needham, as plaintiff below, sought a judgment in the Craighead County Chancery Court declaring that the automobile liability insurance policy issued to him by appellant, Equity Fire and Casualty Company, on October 15, 1993, was in force on November 17, 1993, the date appellee was involved in an automobile accident with a third party. Appellant denied coverage on the ground that

the policy had lapsed prior to the date of the accident due to non-payment of premium. Appellant appeals the chancellor's order, filed November 28, 1994, granting appellee's counter-motion for summary judgment. The judgment is affirmed. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3).

■ Our standard for review of a summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law. *Baker* v. *Milam*, 321 Ark. 234, 900 S.W.2d 209 (1995). We view all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Id.* When the facts are undisputed, we simply determine whether the movant was entitled to judgment as a matter of law. *City of Little Rock* v. *Pfeifer*, 318 Ark. 679, 887 S.W.2d 296 (1994).

The facts, construed in appellant's favor, are as follows. On October 15, 1993, appellant issued an insurance policy to appellee for automobile liability coverage for the six-month period beginning on October 15, 1993. The policy premium, subject to adjustment as a result of appellee's motor-vehicle report or other underwriting factors, was $414.00, plus a $5.00 policy fee. Appellee elected to pay the premium in installments, whereby he would pay one-third of the premium, $143.00, at the time of application, and would be billed for the remaining balance in four monthly payments. Appellee paid $143.00 to appellant's local agent, Ms. Cheryl Cook, and was informed by her that he would receive the next payment-due notice in approximately fifty-five days.

Appellant mailed a notice, dated October 23, 1993, to appellee that billed him for an additional downpayment in the amount of $75.00, and informed him that, in accordance with the terms and conditions of his policy, his insurance would cease at 12:01 a.m. on November 5, 1993, if the payment was not received prior to that time. The $75.00 amount represented the one-third portion of appellee's increased policy premium, as adjusted by appellant after appellee's motor-vehicle report revealed prior traffic violations, which was allocable to the pre-

mium downpayment. The adjusted premium for the full six months' coverage was $624.00. Appellee denies receipt of the October 23, 1993 billing/cancellation notice or, prior to the date of his accident, of any other communication from appellant or Ms. Cook regarding the $75.00 additional downpayment due or the cancellation of his insurance. Appellee did not tender the $75.00 payment to appellant.

On November 17, 1993, appellee was involved in an automobile collision, and upon reporting the accident to Ms. Cook's office on that date, was informed that his insurance had been cancelled on November 6, 1993 for non-payment of the additional $75.00 premium downpayment. Appellee also received on November 17, 1993, written confirmation of the cancellation of his policy from Ms. Cook's office.

On November 27, 1993, Ms. Cook received a check from appellant, dated November 11, 1993, which was payable to appellee in the amount of $63.00. Ms. Cook stated in her deposition testimony attached to appellee's counter-motion for summary judgment that the $63.00 was for "the remaining amount that he had left on the policy because he failed to make the additional payment." Ms. Cook mailed the refund check to appellee.

Appellee was contacted later by the insurance carrier for the other party to the automobile collision regarding appellee's liability for the other party's damages. After appellant's denial of coverage, the instant litigation ensued.

Appellee's counter-motion for summary judgment included his argument that Ark. Code Ann. § 23-89-303 (Supp. 1993), which sets forth grounds for cancellation, prohibited the cancellation or rescission of any automobile-liability policy that has been in effect for less than sixty days. In his supporting memorandum brief to the chancellor, appellee also argued that, even if the chancellor held that the additional premium was due, appellee had paid sufficient funds to buy coverage to the date of the collision if calculated on a prorated basis. In her deposition, Ms. Cook stated that if appellant had prorated the downpayment at the increased rate per day, then appellee's policy was paid up until sometime after the date of his accident, November 17, 1993. A hearing was conducted in which both the statutory-construction issue and the pro-rata-payment issue were addressed.

By letter opinion dated November 14, 1994, the chancellor found, in pertinent part:

> There is no claim of misrepresentation or fraud.
>
> . . . .
>
> The sum of $143.00 paid to defendant's agent by plaintiff on October 15, 1993, would constitute a sufficient amount to pay the premium on the policy in question through the period the accident occurred. ACA § 23-89-303 provides the grounds for cancellation including non-payment of premiums; however, §(b) provides that the grounds for cancellation do not apply if the policy had been in effect less than 60 days unless it is a renewal policy. It is, therefore, the Opinion of the Court that the policy in question was in effect on November 17, 1993, and defendant is bound by the terms and provisions of that policy.

On November 28, 1994, the chancellor's order was filed granting summary judgment for appellee and incorporating the findings of fact set forth in the November 14, 1994 letter opinion.

Appellant's sole point for reversal is that the trial court erroneously construed section 23-89-303 as prohibiting cancellation of appellee's policy within sixty days of its issuance. Appellant argues that, pursuant to section 23-89-303(b), the statute is not applicable to this case because the cancellation was effected within six months of the policy's issuance, and, therefore, the cancellation was governed solely by the terms and conditions of the policy. Appellee disputes this argument, and, in addition, argues that the judgment should be affirmed on the alternative ground that the chancellor found that the policy was in force on November 17, 1993, due to pro-rata application of appellee's $143.00 premium downpayment.

Appellant does not address the merits of the chancellor's ruling as regards pro-rata payment of the premium through the date of the accident. Appellant responds that it does not raise the pro-rata-payment issue on appeal and does not request this court to rule upon it because the issue is not dispositive of the case, and, therefore, is not proper for appeal. Appellant argues that the parties agreed that the statutory-construction issue was the threshold question in this case and that the issue of whether the

premium was paid on a pro-rata basis through the date of the accident is not dispositive.

 We disagree. Regardless of what the parties agreed was the threshold issue in this case, the chancellor indisputably ruled that: "The sum of $143.00 paid to defendant's agent by plaintiff on October 15, 1993, would constitute a sufficient amount to pay the premium on the policy in question through the period the accident occurred." In light of the fact that the sole reason for the cancellation was non-payment of premium, the chancellor's finding that a sufficient premium was in fact paid invalidates the stated ground for the cancellation, and, thereby, renders moot the issue of whether the cancellation was also statutorily prohibited because it occurred within six months of the policy's issuance.

 In oral argument before this court, appellant's counsel stated that the chancellor's judgment was not based on the pro-rata-payment ruling as an alternative ground, and that the pro-rata-payment issue was not adequately developed below because the parties concentrated on the statutory-construction issue. These arguments are not persuasive on the facts. Further, it was up to appellant to obtain a ruling giving the basis of the chancellor's ruling. *Firstbank of Ark.* v. *Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993).

 As we have held many times, the burden is on appellant to bring up a record sufficient to demonstrate error, and, where appellant fails to meet that burden, the trial court must be affirmed. *E.g., Troutt* v. *Matchett*, 305 Ark. 474, 808 S.W.2d 777 (1991). Appellant fails to demonstrate that the chancellor's ruling on the pro-rata issue is error. Appellant presents no authority or convincing argument contradicting the chancellor's ruling on the pro-rata issue. The record, in fact, fails to reveal any citation to authority either supporting or contradicting the chancellor's ruling on this issue. Arguably, however, authority for the chancellor's ruling is found in *National Union Fire Ins. Co.* v. *Want*, 181 Ark. 824, 832, 28 S.W.2d 63, 66 (1930), a case that is cited by neither party, wherein this court stated:

> [I]t is the law that, where a part payment is made and accepted on a premium which amounts to more than the

premium then earned, and a loss occurs before the whole of the premium paid has been earned, there is a waiver of any forfeiture on account of a failure to pay the whole premium. This is an application of the simple principle that it would be inequitable to permit the insurer to receive and retain the insured's money without giving him credit for it, and if credit is given it must be applied to extend the insurance for such proportionate time as the money received and held would pay.

Where appellant fails to cite any authority or present any convincing argument, and it is not apparent without further research that appellant's position is well taken, we will affirm. *Firstbank of Ark.*, 312 Ark. 441, 850 S.W.2d 310. We therefore affirm the judgment on the basis of the chancellor's ruling on the pro-rata-payment issue.

Affirmed.