SEBASTIAN LAKE PUBLIC UTILITY COMPANY, Inc. *v.* SEBASTIAN LAKE REALTY, et al.

96-167                                                   923 S.W.2d 860

Supreme Court of Arkansas
Opinion delivered June 17, 1996

*John W. Settle Law Firm,* by: *John W. Settle,* for appellant.

*Skinner Law Firm, P.A.,* by: *Jack Skinner,* for appellees.

ANDREE LAYTON ROAF, Justice. Sebastian Lake Public Utility Company, Inc., appeals from an order granting summary judgment in favor of the appellees, Sebastian Lake Realty and John's Jiffy Stop, Inc. In granting the summary judgment, the chancellor ordered the South Sebastian County Water Users Association, Inc., to provide water service to the appellees. The trial court further concluded that, as a matter of law, the appellant, which had been providing water to the appellees, did not have an exclusive franchise for the delivery of water service to any area in Sebastian County, Arkansas. We affirm.

On October 4, 1994, John's Jiffy Stop and Sebastian Lake

Realty, operators of a convenience store and apartment complex, filed a complaint against South Sebastian County Water Users Association (Association) alleging that they operated businesses in Sebastian County and that the Association was a public utility that provided water service to Sebastian County. The complaint further alleged that the Association had refused to provide water service to the appellees despite the fact that its water line was within a hundred feet of the appellees' businesses. The appellees asserted that the actions of the Association were arbitrary and capricious, in violation of Ark. Code Ann. § 23-3-114, which prohibits a utility from subjecting any corporation to any unreasonable prejudice or disadvantage, in violation of the statutes of the United States, and in violation of the rules and regulations of the United States Farmers Home Administration. The appellees alleged that they had no adequate remedy at law, and they sought a mandatory injunction requiring the Association to furnish them water service.

In its answer, the Association alleged that the appellees did not need water because they were being supplied water from the appellant, Sebastian Lake Public Utility Company, Inc. (Public Utility). The answer provided that the Public Utility purchased its water from the Association pursuant to a water-purchase contract dating from November 18, 1968. The Association admitted that it sells surplus water to the Public Utility which then sells water to individual consumers in the Sebastian Lake community.

On May 26, 1995, the Public Utility filed a motion to intervene, alleging that it had a franchise recognized by the Public Service Commission (PSC) to supply water in the area where the appellees' convenience store and apartment complex were located, and that its contract with the Association would be contravened if the Association was ordered to supply water directly to the appellees. The trial court granted the Public Utility's motion to intervene.

On July 6, 1995, the appellees moved for summary judgment. They asserted that it was undisputed that the Association refused to supply water to them and that the Association's water lines were within close proximity to their businesses. The appellees further contended that the Public Utility was no longer regulated by the PSC, that the Public Utility had not been awarded an exclusive franchise, and that they were entitled to judgment as a matter of law.

Subsequently, the Public Utility also moved for summary judgment, asserting that it was undisputed that the PSC granted it a certificate of convenience and necessity to provide water to the area known as Sebastian Lakes in which the appellees' property was located. The Public Utility contended that it was granted an exclusive right to construct, operate, and maintain a waterworks system in the area pursuant to the certificate. The Public Utility further asserted that even though its rates were no longer subject to approval by the PSC, the certificate of convenience and necessity remained in effect because it had never been revoked by the PSC.

In granting summary judgment, the chancellor concluded that the Public Utility did not have an exclusive franchise to provide water service within the geographic area of Sebastian Lake Estates. The trial court further concluded that it was undisputed that the Public Utility was a Class C public utility which was no longer regulated by the PSC by virtue of Act 37 of the First Extraordinary Session of 1987. The trial court stated that if it held that the Public Utility had an exclusive and unregulated franchise, the appellees would be left in the untenable position of having neither bureaucratic redress for their complaints nor the ability to seek better service in the market place. The trial court also found that when the General Assembly deregulated Class C water utilities in 1987, it nullified by implication any exclusive franchise which may have otherwise been in existence for such a utility pursuant to a certificate of public convenience and necessity.

### 1. Standing

We first consider whether the Public Utility has standing to bring this appeal. The appellees contend that because the chancellor did not order the Public Utility to do anything, or prohibit it from doing anything, it consequently does not have standing to appeal the decision of the trial court. We hold, however, that the Public Utility is an aggrieved party, and as such, has standing to raise an issue on appeal. *See McDonald's Corp.* v. *Hawkins*, 315 Ark. 487, 868 S.W.2d 78 (1994). In reaching its decision, the trial court interpreted the Public Utility's certificate of public convenience and necessity and held that it did not have an exclusive franchise. Although the Public Utility was not "ordered" to do anything, the trial court's decision impaired its economic interests. Further, the Public Utility was allowed to intervene, and the appellees have not appealed that decision.

## 2. Summary Judgment

■ The standard for appellate review of a summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law. *Baker* v. *Milam*, 321 Ark. 234, 900 S.W.2d 209 (1995). We view all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Id.* However, when the movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet that proof with proof showing a genuine issue as to a material fact. *Id.*

In determining that the appellees were entitled to summary judgment as a matter of law, the trial court considered certain provisions of Title 23 of the Arkansas Code, which addresses Public Utilities and Regulated Industries. Chapter 3 of Title 23 is entitled "Regulation of Utilities and Carriers Generally." Arkansas Code Annotated § 23-3-201(a) (1987) provides:

> No new construction or operation of any equipment or facilities for supplying a public service, or extension thereof, shall be undertaken without first obtaining from the commission a certificate that public convenience. and necessity require, or will require, such construction or operation.

Commission is defined as "the Arkansas Public Service Commission or the Arkansas Transportation Commission with respect to the particular public utilities and matters over which each commission has jurisdiction." Ark. Code Ann. § 23-1-101(6) (Supp. 1995).

On October 9, 1964, the PSC entered an order regarding an application for a certificate of convenience and necessity filed by the Public Utility. The order provided that the Public Utility sought the certificate to

> construct, maintain and operate a waterworks system in order that it *may offer water for sale to the public in an area within the boundaries of a project known as Sebastian Lake Estates*, which is being developed by Sebastian Lake Developments, Inc. . . .

(Emphasis added.) Ultimately, the commission ordered that:

> Sebastian Lake Public Utility Company, Inc. be, and it is hereby, granted a certificate of public convenience and necessity to construct, operate and maintain a waterworks system in the area described hereinabove, and it is hereby charged with the responsibility of rendering adequate water service to the public in the area *at rates for such service as may be hereafter approved by this Commission.*

(Emphasis added.)

On appeal, the Public Utility contends that this certificate of public convenience and necessity grants it an exclusive franchise to provide water service in the specified geographic area. The Public Utility further contends that the certificate has never been revoked by the PSC and, therefore, remains in effect.

The trial court found that when the General Assembly deregulated Class C water utilities in 1987, it also nullified by implication any exclusive franchise which may have otherwise been in existence for such a utility pursuant to a certificate of convenience and necessity. Arkansas Code Annotated § 23-1-101 (Supp. 1995), Definitions, provides in part:

> (4)(A) "Public utility" includes persons and corporations, or their lessees, trustees, and receivers, owning or operating in this state equipment or facilities for:
>
> (i) Producing, generating, transmitting, delivering, or furnishing gas, electricity, steam, or another agent for the production of light, heat, or power to, or for, the public for compensation;
>
> (ii) Diverting, developing, pumping, impounding, distributing, or *furnishing water to or for the public for compensation.* However, nothing in this subdivision shall be construed to include water facilities and equipment of cities and towns in the definition of public utility. Further, *the term "public utility" shall not include* any entity described by this subdivision which meets any of the following criteria:
>
> (a) All property owners' associations whose facilities are enjoyed only by members of that association or residents of the community governed by that association; or

(b) *All entities whose annual operating revenues would cause them to be classified as Class C or lower water companies* pursuant to the uniform system of accounts adopted by the Arkansas Public Service Commission. However, the term "public utility" shall include any water company which petitions, or a majority of whose metered customers petition, the Arkansas Public Service Commission to come under the commission's jurisdiction, provided that the water company must have had combined annual operating revenues in excess of four hundred thousand dollars ($400,000) for the three (3) fiscal years immediately preceding the date of filing the petition; or

(c) All improvements districts.

(Emphasis added.) Act 37 of the First Extraordinary Session of 1987 amended the definition of public utility to provide that the definition did not include an entity whose annual operating revenues would cause them to be classified as a Class C or lower water company. The Emergency Clause of Act 37 provided in part:

It is hereby found and determined by the General Assembly that regulation of small water and sewer utilities as "public utilities" under the jurisdiction of the Public Service Commission generally imposes heavy regulatory costs upon the consumers . . .

Act 21 of the Fourth Extraordinary Session of 1988 further amended the definition to provide that a water company or its customers could petition the PSC in order to come under its jurisdiction if the company had sufficient revenues. In the instant case, it is uncontested that the Public Utility is a Class C utility which is not regulated by the PSC.

It is significant that a certificate of public convenience and necessity is issued by the PSC as part of its regulatory power. *See* Ark. Code Ann. § 23-3-201(a) (1987). Section 23-3-201(a) provides that "[n]o new construction or operation of any equipment or facilities for supplying a public service, or extension thereof, shall be undertaken without first obtaining from the commission a certificate. . ." It is also significant that the order of the PSC granting the Public Utility's certificate of public convenience and necessity provided that the Public Utility was charged with the responsibility of

"rendering adequate water service to the public in the area at rates for such service as may be hereafter approved by this Commission." However, because the Public Utility is no longer subject to regulation, the provisions of the certificate have no force.

In short, the Public Utility was required to obtain a certificate in order to operate as a public utility; however, it is no longer a public utility. Because it is no longer regulated, the Commission's rules and regulations are no longer applicable. Consequently, we hold that the trial court correctly determined that the certificate has been nullified. We therefore need not consider whether the certificate granted the Public Utility an exclusive franchise to provide water service in the area of Sebastian Lakes Estates.

### 3. Due Process

The Public Utility also contends that if its certificate has been revoked by legislation or by the trial court's interpretation of this legislation, it has been deprived of its property without due process of law in violation of the United States and Arkansas Constitutions. The Public Utility submits that the statute is unconstitutional because it makes no provision for any proceeding by which it could protect its interest.

This argument, however, was never presented to the trial court. We have repeatedly stated that an argument which is raised for the first time on appeal is not properly preserved for appellate review and will not be addressed. *Marsh & McLennan of Arkansas* v. *Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995); *see also Smith* v. *Quality Ford*, 324 Ark. 272, 920 S.W.2d 497 (1996); *Technical Services of Arkansas* v. *Pledger*, 320 Ark. 333, 896 S.W.2d 433 (1995). Even constitutional arguments are waived on appeal if they are not raised at trial. *Hodges* v. *Gray*, 321 Ark. 7, 901 S.W.2d 1 (1995).

Affirmed.

DUDLEY, J., not participating.