BORAL GYPSUM, INC., Arkansas Chemicals, Inc., Cross Oil & Refining Co., Inc., Green Bay Packaging, Inc., International Paper Co., Lion Oil Company, Quincy Soybean Company of Arkansas, Acme Brick Company, Aluminum Company of America, and Gaylord Container Corporation *v.* Timothy LEATHERS, in His Official Capacity as Commissioner of Revenues, Arkansas Department of Finance and Administration

96-282                                    924 S.W.2d 805

Supreme Court of Arkansas
Opinion delivered July 8, 1996
[Petition for rehearing denied September 9, 1996.]

*The Rose Law Firm,* by: *James H. Druff, Stephen N. Joiner* and *Deanna J. Weisse,* for appellants.

*Michael J. Wehrle,* for appellee.

DONALD L. CORBIN, Justice. Appellant, Boral Gypsum, Incorporated, appeals the judgment of the Pulaski County Chancery Court granting summary judgment to appellee, Timothy Leathers, in his official capacity as Commissioner of Revenues with the Arkansas Department of Finance and Administration (DF&A). The chancellor's order ruled that appellant's payment in-kind of compressor fuel diverted from a natural gas pipeline to NorAm Gas Transmission Company (NGT) (formerly known as Arkla Energy Resources Company), the transporter of the gas and owner of the pipeline, is subject to Arkansas use tax. Appellant raises two points for reversal of that order and asserts jurisdiction of the appeal lies in

this court because statutory interpretation is required. We find merit to the first point and reverse and remand.

The present case is a consolidation of four cases below involving a total of ten taxpayers-plaintiffs-appellants: Boral Gypsum, Inc.; Arkansas Chemicals, Inc.; Cross Oil & Refining Co., Inc.; Green Bay Packaging, Inc.; International Paper Co.; Lion Oil Co.; Quincy Soybean Company of Arkansas; Acme Brick Co.; Aluminum Company of America; and Gaylord Container Corporation. Pulaski County Chancery Court Cases E-94-5607, E-94-7096, and E-95-0657 were consolidated into appellant Boral Gypsum's case, E-94-2629. The operative facts are essentially identical in each case, save the particular amounts of tax. Therefore, the chancellor focused on the facts in appellant Boral Gypsum's case when drafting the order appealed. All ten appellants filed a joint notice of appeal, followed by a single brief on appeal. The brief follows the chancellor's approach in focusing on the facts of appellant Boral Gypsum's case. We do likewise in our opinion, using the word "appellant" to refer specifically to Boral Gypsum, but applying generally to the remaining nine appellants.

Appellant uses natural gas to manufacture sheetrock at its plant in Nashville, Arkansas. The gas is supplied by companies located outside Arkansas and transported to appellant's plant by NGT through NGT's interstate pipeline. In order to maintain the correct pressure in the pipeline, NGT diverts gas traveling through the pipeline to compressor stations, where the gas passes through a regulator to reduce its pressure and then is immediately burned. This diverted gas is known as "compressor fuel" and is the subject of this appeal.

The parties stipulated that when appellant purchases gas from out-of-state suppliers such as Continental Natural Gas Company in Oklahoma, the supplier's single invoice itemizes separately the amounts of gas and compressor fuel purchased. Thus, appellant purchases the compressor fuel along with the gas from a supplier, and the gas and compressor fuel then begin transportation to appellant's plant through NGT's pipeline. During transport, NGT diverts and uses the gas known as compressor fuel at its compressor stations, some of which are located in Arkansas. Consequently, when appellant receives the gas at its plant, it actually receives a lesser amount of gas than the total amount it purchased from the supplier. The compressor fuel, although purchased from a third-party supplier, is

appellant's payment in kind to NGT pursuant to a tariff authorized by the Federal Energy Regulatory Commission (FERC). According to the terms of the FERC tariff, NGT receives the compressor fuel from appellant at the point of receipt at its pipeline.

In 1993, appellee issued assessments for use tax due on appellant's payment in-kind of compressor fuel for the previous three years, January 1990 through December 1992. Appellant protested the assessment and requested an administrative hearing. The administrative law judge upheld the assessment, and appellee refused appellant's request to revise the assessment. Appellant paid the assessment under protest and filed this suit for a refund pursuant to Ark. Code Ann. § 26-18-406 (Repl. 1992). The chancellor heard the case on stipulated facts and cross motions for summary judgment, ultimately granting summary judgment to appellee. This appeal followed.

■ Our standard for review of a summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law. *Baker* v. *Milam*, 321 Ark. 234, 900 S.W.2d 209 (1995). We view all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Id.* When the facts are undisputed, we simply determine whether the movant was entitled to judgment as a matter of law. *Equity Fire & Casualty Co.* v. *Needham*, 323 Ark. 22, 912 S.W.2d 926 (1996).

Appellant's first argument for reversal is that the trial court erred in ruling that the compensating or use tax statute, Ark. Code Ann. § 26-53-101 to -138 (1987 and Supp. 1995), supports taxing appellant for compressor fuel. Appellant contends that it should not be subject to use tax on compressor fuel that is exclusively owned and used by NGT to transport appellant's natural gas.

The stipulated facts are that appellant purchased natural gas from out-of-state suppliers who billed appellant in a single invoice for all natural gas purchased, including the compressor fuel. Attached to the stipulations was an invoice from Continental Natural Gas Company in Oklahoma to appellant itemizing separately the natural gas and the compressor fuel. According to the specific terms of the FERC tariff, NGT received the compressor fuel from Boral

at the point where it was delivered to NGT's pipeline.

Appellant contends that, because the compressor fuel is delivered to NGT outside the State of Arkansas before transportation ever begins and because NGT is the owner of the compressor fuel and the party who burns the fuel at its compressor stations within Arkansas, appellant is not the owner of the compressor fuel and does not use the compressor fuel in Arkansas and should, therefore, not be subject to use tax. This argument is consistent with the terms of the FERC tariff, whereby NGT takes receipt of the compressor fuel from appellant at NGT's pipeline.

Appellee responds that it is not NGT's use of the compressor fuel that it seeks to tax, rather it seeks to tax appellant's use of the compressor fuel as payment to NGT for transporting appellant's gas to its plant in Nashville. Appellee maintains that, under section 26-53-102(6)(A), there is no requirement for the imposition of use tax that title or possession of property be transferred; rather, all that is required is a transfer of the right to use the property. Appellee also relies on *American Television Co., Inc.* v. *Hervey*, 253 Ark. 1010, 490 S.W.2d 796 (1973), to support this contention.

■■ Appellant strengthens its argument with the claim that because appellee admitted that appellant's partial cash payments of the tariff to NGT were not subject to use tax, likewise the in-kind payment of compressor fuel should not be taxed. We agree with this contention. Appellee did indeed state below that, if NGT had charged appellant for the compressor fuel, then the payment to NGT would not be taxable under the gross-receipts tax as the payment would constitute a transportation charge billed by a transporter other than the seller. This is a correct statement of the law according to DF&A's Gross Receipts Tax Regulation GR-18.A, which provides that transportation costs paid to an independent carrier other than the seller of the goods do not constitute part of the gross receipts of the sale. When the transportation costs are paid to the seller of the goods, however, they do constitute part of the gross receipts of the sale and are thus subject to gross-receipts tax. *Pledger* v. *Featherlite Precast Corp.*, 308 Ark. 124, 823 S.W.2d 852, *cert. denied*, 113 S. Ct. 82 (1992). We have recently reiterated this general concept in *Weiss* v. *Best Enterprises, Inc.*, 323 Ark. 712, 718, 917 S.W.2d 543, 546 (1996): "However, since the non-taxable service was included as part of the total consideration received..., the charge for services constitutes part of the gross proceeds, and

the entire proceeds are subject to taxation." Thus, we agree that if appellant had paid NGT cash rather than in-kind with compressor fuel, the cash payment would not be subject to gross-receipts tax, and the in-kind payment would likewise not be taxable.

While recognizing that imposition of the use tax does not require a transfer of ownership or possession, *see Hervey*, 253 Ark. 1010, 490 S.W.2d 796, we are nevertheless unwilling to extend application of the use tax to the facts of this case for two reasons. First, the transfer of ownership as well as the right to use the compressor fuel occurred in Oklahoma, not in this state. Section 26-53-106(a) levies the use tax on uses of tangible personal property in this state. Second, even assuming arguendo that the transfer occurred in Arkansas, appellant's payment in-kind of compressor fuel was a direct payment to NGT as compensation for the cost of transporting appellant's gas from Oklahoma to its plant in Nashville, regardless of the fact that appellant actually purchased the compressor fuel from a third-party supplier. Thus, even if the transaction occurred in Arkansas, it would not be taxable under the gross-receipts tax. This is a significant assurance that there is not an avoidance of tax on these facts. If a cash payment of transportation costs is not taxable, an in-kind payment should likewise not be taxable. That appellant purchased the compressor fuel from a third-party supplier and then paid the compressor fuel in-kind to NGT does not negate the fact that it was a direct payment of transportation costs to a transporter other than the seller.

■ If we were to follow appellee's argument that appellant's use of the compressor fuel (as a form of making payment) was taxable, we would be expanding the reach of the use tax beyond its scope and perhaps indefinitely. We are not willing to make such a broad extension of the scope of the tax; such an extension is better left to the General Assembly. Accordingly, we conclude the trial court erred in granting summary judgment to appellee, and we need not address appellant's remaining sub-points in support of its claim that it is not subject to use tax.

Appellant's second argument for reversal is that the trial court erred in holding that it was subject to the gross-receipts tax for the compressor fuel at issue here. Appellant refers to certain language in the trial court's order as confusing because it is an analysis of gross-receipts tax law. Because appellee never assessed a gross-receipts tax against appellant, we need not address this argument.

The order granting summary judgment is reversed, and the case is remanded to the trial court with directions to enter summary judgment for appellant.

DUDLEY, J., not participating.