Lisa R. Comer BUTLER *v.* Carson COMER

CA 96-232                                              942 S.W.2d 278

Court of Appeals of Arkansas
Division I
Opinion delivered April 23, 1997

*Vowell & Atchley, P.A.*, by: *Stevan E. Vowell*, for appellant.

*Billy J. Allred*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Lisa R. Comer (now Butler) and appellee Carson Comer were divorced in Madison County Chancery Court on February 13, 1989. Pursuant to a written agreement by the parties, which was incorporated by reference into the divorce decree, Mrs. Butler received primary custody of their minor child. Mr. Comer was awarded certain visitation during the summer and during the Christmas holidays. By order of the Madison County Chancery Court, the visitation arrangement was modified on November 6, 1989, on December 20, 1990, and again on May 3, 1993. The May 3, 1993, modification provided that Mr. Comer was to have visitation for six weeks during the summer and one week during Christmas in odd-numbered years. In even-numbered years, he was to have seven weeks of summer visitation with no visitation during Christmas.

On July 5, 1995, Mrs. Butler and the minor child resided in Idaho. On that date, Mrs. Butler received a letter notifying her that Mr. Comer would pick the child up on July 8 for his 1995 summer visitation. However, when Mr. Comer's parents attempted to pick the child up on that date, Mrs. Butler refused to allow it. Thereafter, on July 21, 1995, Mr. Comer filed a motion for contempt against Mrs. Butler in Madison County Chancery Court.

The Madison County Chancery Court issued an order directing Mrs. Butler to appear on September 11, 1995, and show cause why she should not be held in contempt of court. Mrs. Butler responded with a motion to dismiss the action on September 8, 1995, in which she alleged that the chancery court lacked subject-matter jurisdiction because she had filed a petition to modify custody in the State of Idaho on June 29, 1995. The case eventually came to a hearing on September 29, 1995, at which Mrs. Butler failed to appear. The Madison County Chancery Court found Mrs. Butler in contempt of court and ordered her to

serve ten days in jail. She was also ordered to pay $4,204.00 for Mr. Comer's lost wages, travel expenses, and attorney's fees related to the action filed in Idaho and his father's travel expenses incurred when he attempted to pick up the child for visitation in July 1995.

Mrs. Butler now appeals from the order of the Madison County Chancery Court. For reversal, she argues that the trial court erred in proceeding with a hearing on the merits on September 29, 1995, without giving her an opportunity to plead further or appear and defend the case on the merits. In addition, Mrs. Butler asserts that the chancery court erred in awarding attorney's fees and expenses related to the Idaho case.

During the September 29, 1995, hearing, Mr. Comer testified about his attempt to exercise his visitation rights during the summer of 1995. He indicated that, prior to that time, he was always able to visit his son in the summer. He stated that in late June of 1995, however, Mrs. Butler notified him that he would not be able to visit the child. Thereafter, Mr. Comer's attorney sent a letter informing Mrs. Butler of Mr. Comer's intention to pick the child up on July 8, 1995. Proof was introduced that Mr. Comer's father incurred travel expenses in an unsuccessful attempt to pick the child up for summer visitation, and attorney's fees in defending the action that Mrs. Butler filed in Idaho. Mr. Comer incurred travel expenses and lost wages in defending the Idaho court action.

After the adverse ruling of the Madison County Chancery Court, Mrs. Butler filed a motion for relief from the order. In this motion, she alleged that her attorney instructed her not to attend the September 29, 1995, hearing because of his mistaken belief that the scope of the hearing would be limited to the jurisdictional issue. Mrs. Butler asserted that she stood ready and willing to appear and respond to the allegations of contempt. The chancery court dismissed this motion for failure to state a claim for which relief can be granted.

Mrs. Butler's first argument is that she should have been given an opportunity to appear and defend on the merits prior to the chancery court's September 29, 1995, decision. She notes

that the chancery court's docket sheet reflects that on September 11, 1995, a hearing on her motion to dismiss was scheduled for September 29, 1995. However, the docket was silent as to the setting of any hearing on the merits. Mrs. Butler's motion to dismiss was premised on three of the grounds listed in Rule 12(b) of the Arkansas Rules of Civil Procedure. Rule 12(d) provides:

> The defenses specifically enumerated (1) — (8) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

Mrs. Butler submits that, since the chancery court did not defer the hearing on her motion to dismiss until the time of the hearing on the merits, she should have been granted a later hearing at which she could have appeared and defended the contempt charges against her. Rule 12(j) provides:

> Attorneys will be notified of action taken by the court under this rule, and, if appropriate, the court will designate a certain number of days in which a party is to be given to plead further.

Pursuant to the above rule, Mrs. Butler argues that, in addition to being entitled to a hearing on the merits, the chancery court should also have granted her an opportunity to plead further.

We reject Mrs. Butler's first argument because it was not properly raised before the trial court, and the supreme court has repeatedly stated that arguments that are raised for the first time on appeal will not be addressed. *See Sebastian Lake Pub. Util. Co. v. Sebastian Lake Realty*, 325 Ark. 85, 923 S.W.2d 860 (1996). During the hearing held September 29, 1995, no objection was made to the court's consideration of the merits of the contempt motion. Rather, Mrs. Butler's attorney simply stated:

> My client is not here at this time. I was under the understanding from [the appellee's attorney], just yesterday, that there was a possibility this might go to the merits after the jurisdiction question has been addressed.

Although Mrs. Butler now submits that the above statements should have made it apparent that her attorney was objecting to a

hearing on the merits, we disagree. Furthermore, we find that Mrs. Butler's motion for relief from the contempt order fell short of apprising the chancery court of the arguments that are now being raised. In that motion, Mrs. Butler indicated only that she missed the hearing pursuant to the advice of her attorney and that she stood ready to appear and defend on the merits of the contempt motion. She made no mention of entitlement to another hearing pursuant to Rule 12, as is now being asserted. Because her present Rule 12 arguments were not raised below, we need not consider them here.

Mrs. Butler's remaining argument is that the chancery court erred in assessing attorney's fees and travel expenses against her. The chancery court determined that Mrs. Butler was responsible for the expense incurred by Mr. Comer's father when he attempted to pick the child up in Idaho on July 8, 1995. In addition, the chancery court awarded attorney's fees and travel expenses incurred as a result of Mr. Comer defending the action that Mrs. Butler brought in Idaho. Mrs. Butler argues that these awards were erroneous, citing *Payne v. White*, 1 Ark. App. 271, 614 S.W.2d 684 (1981). In that case, attorney's fees were awarded for services performed in a California child–custody case based, in part, on the fact that the attorney's services in California were necessary to protect the appellee's rights in the child–custody case pending in Arkansas. Mrs. Butler points out that, in *Payne v. White, supra*, the California court concluded that it was without jurisdiction to hear the case, and in the case at bar the Idaho court made no such determination. Mrs. Butler contends that this distinction requires a disallowance of attorney's fees in the instant case. In addition, she argues that no travel expenses should have been awarded because it was unnecessary for Mr. Comer or his father to travel to Idaho because they knew in advance that she would not allow the ordered visitation and because their presence was not necessary during the initial proceedings in the Idaho court.

In *Payne v. White, supra*, we recognized the principle that, in certain cases, process for contempt can be used to effect civil remedies, the result of which is to make the innocent party whole from the consequences of contemptuous conduct. In the case now before us, we hold that, as a result of Mrs. Butler's contempt, Mr. Comer's father reasonably incurred $884.00 in travel

expenses when he attempted to pick up the minor child in accordance with the visitation arrangement prescribed by the most recent custody order. Thus, this award is affirmed. However, we find that the award for attorney's fees and travel expenses incurred in Mr. Comer's defense of the Idaho action was inappropriate. These fees and expenses were not a result of Mrs. Butler's contempt. Nor were these expenses related to the contempt hearing that took place in the Madison County Chancery Court.

The circumstances here differ significantly from those in *Payne v. White, supra,* where the contemnor mother sought a custody modification in the State of California. The child resided in Arkansas with his father, who had court-ordered custody. During a visit with the child's mother in California, the mother filed an action there for custody and refused to return the child. The custodial father participated in the California proceeding and ultimately it was dismissed for lack of jurisdiction. A basis for California jurisdiction was not at all apparent. Here, however, Mrs. Butler and the child have resided in Idaho for five years and the State of Idaho may have acquired jurisdiction under the Uniform Child Custody Jurisdiction Act and the federal Parental Kidnapping Prevention Act to modify custody and visitation. Although Mrs. Butler selected a court of improper venue in Idaho to file her action seeking modification of Mr. Comer's visitation rights, there is nothing in the record to show that this was done for the purpose or with an intent to delay or frustrate Mr. Comer's defense of the action. The proceeding had been transferred to a court of proper venue and was still pending when this appeal was taken. Under these circumstances we find that the chancery court's decision to award attorney's fees and expenses related to the Idaho claim was an abuse of discretion. Consequently, we reduce the judgment granted to Mr. Comer for travel expenses and Idaho attorney's fees from $4,204.00 to $884.00. The judgment is otherwise affirmed.

Affirmed as modified.

STROUD and NEAL, JJ., agree.