Jessie Renee GARLING and Vincent Garling *v.* STATE of Arkansas

CR 97-1385 975 S.W.2d 435

Supreme Court of Arkansas
Opinion delivered September 24, 1998

*McCullough Law Firm*, by: *R.S. McCullough*, for appellants.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen.; *James Gowen*, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of the Rules Governing Admission to the Bar of the Arkansas Supreme Court under the Supervision of *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellants Jessie and Vincent Garling appeal their convictions and sentences for one count of engaging in a continuing criminal enterprise and one count of Medicaid fraud. They raise three points for reversal. We find no merit in any of the points raised, and we affirm.

The Garlings, at the time of the crimes, operated taxicabs for the Black and White Cab Company, which transported Medicaid recipients to and from their medical providers. The Garlings produced forged vouchers for payment by the Medicaid program during the period of June 1, 1994, to September 30, 1995, and illegally collected hundreds of thousands of dollars in public funds. They submitted approximately 7,000 vouchers which were paid by Medicaid. Each forged voucher purported to represent a separate taxicab ride to a Medicaid provider. The trial judge sentenced Jessie Garling to ten years for the continuing-enterprise charge and five years for Medicaid fraud, together with $742,870.83 in fines and restitution. Vincent Garling was sentenced to twenty-two years and four and one-half years for the criminal-enterprise and Medicaid-fraud charges, respectively, and fined $973,960.79.

## I. Predicate Criminal Offense

The Garlings raise as their first issue whether the term "predicate criminal offense" as used in Ark. Code Ann. § 5-74-104

(Repl. 1997), and the criminal information requires proof of the commission of a felonious act or proof of an actual conviction for a felonious act. Ark. Code Ann. § 5-74-104 (Repl. 1997) provides in part:

> (a)(1) A person commits the offense of engaging in a continuing criminal gang, organization, or enterprise in the first degree if he:
>
> (A) Commits or attempts to commit or solicits to commit a felony predicate criminal offense; and
>
> (B) That offense is part of a continuing series of two (2) or more predicate criminal offenses which are undertaken by that person in concert with two (2) or more other persons with respect to whom that person occupies a position of organizer, a supervisory position, or any other position of management.

The Garlings contend that the prosecutor charged them only with one count of Medicaid fraud and, as a consequence, did not meet the statute's requirement of showing two or more predicate criminal offenses. They further argue that there must be at least three felony convictions proved at trial to sustain the enterprise violation, and they insist that the term "predicate criminal offense" means proven charged offenses which result in convictions.

The State responds that the plain language of the statute does not require the State to charge a defendant with each individual felonious act; nor does it require convictions on each offense in the series. Rather, it merely requires the commission of predicate criminal offenses. Those offenses are defined in Ark. Code Ann. § 5-74-103(b) as any violation of Arkansas law that is a crime of violence or pecuniary gain.

But the State also raises two procedural points as a basis for affirmance. It, first, contends that the Garlings are challenging the criminal information and that a motion for a directed verdict is the wrong procedure to follow for attacking an information. We disagree. It appears that defense counsel was challenging the sufficiency of the evidence presented by the State to establish the offenses as opposed to attacking the criminal information. Hence, a direct challenge to the criminal information was not required.

The State also claims that the Garlings' motion for directed verdict should fail on appeal for lack of specificity. Again, we disagree. Defense counsel appears to have argued both in his motion at the close of the State's case and at the close of all of the evidence that the prosecutor filed only one Medicaid-fraud count and that one *charged* offense is not sufficient. The prosecutor responded to the trial court that every time a fraudulent voucher was used for Medicaid reimbursement, this was a separate offense irrespective of whether the State had formally charged the Garlings with each offense. Because defense counsel's motion was couched in terms of attacking the sufficiency of the proof, we conclude that though defense counsel did not argue specifically that offenses must be proved by convictions, he did argue that they had to be proven by formal charges. That was enough to preserve the issue for our review.

■ We turn then to our principles of statutory construction in deciding whether § 5-74-104 requires proof of convictions. The first priority in construing a statute is to give effect to the intent of the General Assembly. *See Graham v. Forrest City Housing Authority*, 304 Ark. 632, 803 S.W.2d 923 (1991); *Knapp v. State*, 283 Ark. 346, 676 S.W.2d 729 (1984). We have further said that this Court should strive to give words their ordinary and usual meaning. *See Reed v. State*, 330 Ark. 645, 957 S.W.2d 174 (1997).

■ By its plain meaning, the term "predicate criminal offense" does not incorporate a requirement for a conviction. An "offense" is defined in BLACK's LAW DICTIONARY as "[a] felony or misdemeanor; a breach of the criminal laws; violation of law for which penalty is prescribed." *See* BLACK's LAW DICTIONARY, p. 1081 (6th Ed. 1990). A "conviction," on the other hand, is "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." *Id*. at p. 333. Clearly, one can commit an offense without being convicted of the crime.

■ There is no case law directly on this point in Arkansas, but this court has dealt with a similar issue in its construction of Ark. Code Ann. § 5-4-604(3) (Repl. 1997), which mandates as an aggravating circumstance in a death-penalty case that "[t]he per-

son previously committed another felony, an element of which was the use or threat of violence." Before 1977, the General Assembly used the word "convicted" in lieu of "committed." Ark. Stats. Ann. § 41-4711(b) (Supp. 1973). *See also Miller v. State*, 280 Ark. 551, 660 S.W.2d 163 (1983). This underscores for us the point that the General Assembly, when enacting legislation, knows and understands the critical difference between a conviction and the commission of a criminal offense. *See also* Ark. Code Ann. § 5-1-105(a) (Repl. 1997) ("An offense is conduct for which a sentence to a term of imprisonment or fine or both is authorized by statute.").

There is one additional point. Our statute is modeled on the federal "kingpin" statute. *See* 21 U.S.C. § 848. *See also Hughey v. State*, 310 Ark. 721, 840 S.W.2d 183 (1992). Two federal courts of appeal have interpreted this statute as not requiring a conviction for the predicate criminal offenses but have held that proof of the commission of an offense is sufficient. *See U.S. v. Apodaca*, 843 F.2d 421 (10th Cir. 1988); *U.S. v. Markowski*, 772 F.2d 358 (7th Cir. 1985).

■ We hold that a committed offense for purposes of the continuing-criminal-enterprise statute need not be proved by a conviction or even a formal charge. The Garlings' argument is meritless.

## II. Mistrial Motion

During the trial, the prosecutor repeatedly asked Vincent Garling how he was going to prove his version of the facts:

Q. Do you have any records that would support your claim that you had that many cars running?

A. No. But the people at the cab company know that I had those vehicles.

Q. Well, Shaheed testified. He said he only saw three. Is there anybody else that's going to come in and tell this jury that you had five cars?

A. He wasn't concrete on that. He said that he only remembered three.

Q. Well, who are you going to prove to this jury, how [are] you going to prove that you had five?

DEFENSE COUNSEL: Judge, he doesn't have to prove anything in this case. He doesn't have to call any witnesses.

JUDGE: That's right, but you've put him on so he's subject to cross-examination.

. . . .

Q. You can't prove that, can you?

A. At one time I could have proved it. I can't prove it now because Black and White have taken all the records. You all don't even have all their records and documentation.

. . . .

Q. Well, how about some of your satisfied customers? Would they come in and say, I rode in one of Jessie or Vincent's taxi cabs. I went there every day . . . Anybody like that that can come in and testify?

A. You got the vouchers. You called all the other people. I don't see why you didn't get those people, also.

Q. I've proven my case.

DEFENSE COUNSEL: Objection.

WITNESS: I don't have to prove anything.

COURT: Sustained. He doesn't have to prove anything.

Q. But you've chosen to take the witness stand and you've chosen to put on a defense, isn't that correct?

DEFENSE COUNSEL: Objection again . . . I'd ask to approach . . . I make a motion for a mistrial, Judge, based upon her statements about him taking the stand and trying to prove something. That shifts the burden of proof and impinges upon the Fifth Amendment, and his right to due process, equal process.

. . . .

COURT: . . . I'm not going to grant it but it's real close.

Defense counsel also moved for a mistrial during closing arguments when the prosecutor asked why the Garlings had not

introduced the taxicab records at trial. The trial judge denied the motion.

A mistrial is an extraordinary remedy that should only be used when an error is beyond repair by any curative measure. *See Noel v. State*, 331 Ark. 79, 960 S.W.2d 439 (1998). It is only when the fundamental fairness of the trial has been manifestly affected, such that justice cannot be served by continuing the trial, that mistrial is appropriate. *See Davis v. State*, 330 Ark. 501, 956 S.W.2d 163 (1997). The trial court is considered to be in the best position to determine the effect of a prejudicial remark on the jury. *See Kimble v. State*, 331 Ark. 155, 959 S.W.2d 43 (1998). We will reverse the trial court only upon a showing of abuse of discretion. *See Weaver v. State*, 324 Ark. 290, 920 S.W.2d 491 (1996).

We note from the colloquy quoted above that the trial court told the jury that Vincent Garling "doesn't have to prove anything." That admonition offsets any prejudice that might have accrued from the prosecutor's cross-examination and argument. We affirm on this point as well.

### III. Prior Felony Offense

The Garlings next contest the trial court's allowance of a question to Vincent Garling about whether he was a convicted felon, which he answered in the affirmative. The trial court initially granted the Garlings' motion *in limine* to prohibit this question. They now argue that the trial court's reversal on this issue amounted to an abuse of discretion. The State posits in reply that (1) the Garlings are precluded from making this argument on appeal because they did not provide the substance of the prior conviction, either in the record or the abstract, and (2) this line of questioning was an appropriate method of impeachment under Ark. R. Evid. 609.

It is impossible for us to determine the nature and time of the conviction used for Garling's impeachment because that information is not included in the record. At trial, defense counsel argued that Vincent Garling's conviction might not be a conviction because he received a ten-year sentence but was in prison only six

months. The trial court examined Garling's criminal record, but there is nothing in the record of the proceedings on appeal showing exactly what crime resulted in the conviction or when it occurred.

 Arkansas Rule of Evidence 609 allows impeachment of a witness by evidence of a prior conviction only if the crime (1) was punishable by death or imprisonment for more than one year, and the court determines that the conviction's probative value outweighs its prejudicial effect, or (2) the crime involved dishonesty or false statement. The rule also prohibits the use of the conviction if it is more than ten years old. Without question, the nature of the crime and date of the conviction are essential to this court's determination of whether the trial court abused its discretion.

 The State contends, and we agree, that Garling's failure to include this in the record constitutes a waiver. The appellant always has the burden of demonstrating reversible error and of presenting a record sufficient to evidence the error. *See Qualls v. Ferritor*, 329 Ark. 235, 947 S.W.2d 10 (1997); *Porter v. Porter*, 329 Ark. 42, 945 S.W.2d 376 (1997). When the appellant fails to meet that burden, the trial court must be affirmed. *See Equity Fire and Cas. Co. v. Needham*, 323 Ark. 22, 912 S.W.2d 926 (1996). Hence, this court is effectively precluded from determining whether the trial court applied Rule 609 properly. This point does not constitute reversible error.

Affirmed.